[L. A. No. 6089. Department One.—October 26, 1920.]

CONSOLIDATED CONSTRUCTION COMPANY (a Corporation), Appellant, v. PACIFIC ELECTRIC RAILWAY CO. (a Corporation), et al., Defendants; ARTHUR T. STEWART, Defendant and Respondent.

[1] DISMISSAL OF ACTION—NOTICE OF APPLICATION—PRESUMPTION.—An order dismissing an action when entered is in the nature of a judgment against the plaintiff, and notice of the application for the order will be presumed where the want of it does not affirmatively appear.

[2] ID.—MISTAKE OF COURT—APPLICATION FOR RELIEF—INAPPLICABILITY OF SECTION 473, CODE OF CIVIL PROCEDURE.—Where a trial court on the motion of an interested party without notice to the plaintiff made an order dismissing an action on the ground that no summons was issued within the time required by law, but in fact summons had been issued and no record thereof made by the clerk, the mistake in making said order was not that of the plaintiff, but of the court, or of the court and the opposite party, and to such a case section 473 of the Code of Civil Procedure has no application.

[3] ID.—TIME FOR APPLICATION.—An application to set aside an order dismissing an action made by mistake of the court and the opposite party must be made within a reasonable time after the order becomes final, and by analogy to the requirements of section 473 of the Code of Civil Procedure six months will be taken as the limit of what may be a reasonable time.

[4] ID.—SETTING ASIDE OF DISMISSAL—POWER OF COURT PRIOR TO ENTRY.—A trial court has the power to revoke at any time before its entry either in the minutes of the court or in the judgment-book an order of dismissal of an action, if it be found to have been made inadvertently or through mistake, since the order of dismissal does not become effective as a judgment until it is entered.

APPEALS from an order of the Superior Court of Los Angeles County dismissing an action and from an order setting aside an order vacating the order of dismissal. John W. Shenk, Judge. Order of dismissal affirmed and order setting aside order vacating order of dismissal reversed.

The facts are stated in the opinion of the court.

C. F. Culver for Appellant.

Stewart & Stewart for Respondent.

OLNEY, J.—This is an appeal by the plaintiff from, first, an order dismissing the action, and, second, an order setting aside an order vacating the order of dismissal. The facts are:

The action is one to foreclose a street assessment lien on a certain lot in Los Angeles. The record owner of the lot was the Pacific Electric Railway Company, and it was made the sole defendant. The complaint was filed November 12, 1915, and summons was issued the following July and served on the defendant the following August. The defendant, however, failed to appear and the summons was not returned until November 12, 1918. Through some oversight, no notation of the issuance of the summons was made by the county clerk in the register of actions. The result of this oversight, coupled with the failure of the defendant to appear and the failure of the plaintiff to have the summons returned, was that on January 28, 1918, so far the record showed, summons had not been issued, although the action had been pending for more than two years. On that day one Stewart presented *ex parte* his affidavit to the court to the effect that he was interested in the lot involved, and that no summons had been issued in the action, although more than two years had elapsed. Section 581a of the Code of Civil Procedure provides that in case summons is not issued within a year after the commencement of an action, the action must be dismissed either by the court upon its own motion or upon the motion of any interested party. The affidavit of Stewart and the record brought the case within the operation of the code section, and the court without notice to the plaintiff made its order of dismissal upon that ground. This is one of the orders appealed from.

Some ten months later, and on October 25, 1918, the attorney for the plaintiff, having discovered the dismissal in his turn presented *ex parte* an affidavit to the court setting up that summons had in fact been issued within a year of the commencement of the action, and asked that the order of dismissal be vacated. This application, likewise, the court granted without requiring notice to the adverse party and made its order vacating the order of dismissal. This last

order, seems, however, to have been discovered almost immediately, for within a few days a motion was made on behalf of Stewart, this time on notice, to set aside the order of vacation on the ground that it was made without jurisdiction. This motion was granted, and the order granting it is the second one appealed from.

Before considering the merits of the appeals, we deem it worth saying that the case is a good illustration of the complications and difficulties, with their incidents of delay, expense, tribulation, and not infrequently injustice, which are fairly certain to ensue upon the courts tolerating the practice of obtaining *ex parte* orders in any but the plainest and most certain of cases. The propriety of the order of dismissal in this case depended upon the existence of a fact which the court had first to find, namely, the nonissuance of summons within a year after the commencement of the action. If the attorney for Stewart had felt it incumbent upon him to give notice of his application for a dismissal, or the court had refused to consider the application without such notice, it would have at once developed that the supposed fact did not exist, and the difficulties and complications which now present themselves would have been avoided.

Passing to the merits, it is, of course, evident that the plaintiff is entitled to relief in some manner. What happened was that without any opportunity to the plaintiff to be heard, its action was dismissed because of a pure error of fact on the part of the court, in which the plaintiff did not participate. The only question in the case is, Can it secure relief on either of these appeals.

[1] It is certain that relief cannot be had by the appeal from the order of dismissal. So far as the proceedings up to the time of making that order go, nothing appears to make the order either invalid or erroneous, and it is only such proceedings that can be considered. The order when entered was in the nature of a judgment against the plaintiff. If notice of the application for the order was necessary as a jurisdictional prerequisite, the want of it does not affirmatively appear, and notice will be presumed. The rule is "every presumption is in favor of the validity of the judgment and any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat the judgment." (*Cana-*

*dian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672, 674, [74 Pac. 301, 302].)

As to the appeal from the order setting aside the order vacating the dismissal, the order so appealed from is, of course, erroneous, if the order which it set aside was valid and should not have been set aside. As to the propriety of the order set aside, the order vacating the order of dismissal, there can be no question, provided the court had power to make it. It was a plain case for relief against a mistake. The questions on this appeal therefore resolve themselves into questions as to the power of the court to make the order vacating the dismissal.

[2] It is contended that the court did not have power to make the order *ex parte.* To support this contention reliance is placed upon section 473 of the Code of Civil Procedure, which provides in effect that applications by a party for relief against an order or judgment had through his inadvertence, surprise, mistake, or excusable neglect, must be made upon notice. But the mistake in this case was not that of the plaintiff, but of the court, or of the court and the opposite party, and to such a case section 473 of the Code of Civil Procedure has no application. (*Norton* v. *Atchison etc. Co.,* 97 Cal. 388, 390, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452] ; *Hunter* v. *Bryant,* 98 Cal. 247, [33 Pac. 51] ; *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134, 143, [56 Pac. 797] ; *Robson* v. *Superior Court,* 171 Cal. 588, [154 Pac. 8].) This, however, is not a complete answer to the objection that the order vacating the dismissal was made without authority. A dismissal, when fully perfected, is a judgment. It might perhaps be questioned if a judgment concluding the action, as distinguished from a mere order made in the course of the proceedings and not determining the final result of the action, comes within section 937 of the Code of Civil Procedure, even though made without notice, and can be set aside without a hearing upon notice to all affected. (See, however, *Wiggin* v. *Superior Court,* 68 Cal. 398, [9 Pac. 646] ; *In re Sullenberger,* 72 Cal. 549, [14 Pac. 513].) However this may be, there would seem to be no doubt that the application to set it aside must, at least ordinarily, be made within six months. [3] While such an application does not come within section 473 of the Code of Civil Procedure, the rule is well

settled in this state that the application must be made within a reasonable time, and that by analogy to the requirements of section 473 of the Code of Civil Procedure, six months will be taken as the limit of what may be a reasonable time. (See, *inter alia, Moore* v. *Superior Court,* 86 Cal. 495, [25 Pac. 22]; *Norton* v. *Atchison etc. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *Brackett* v. *Banegas,* 99 Cal. 623, [34 Pac. 344]; *People* v. *Temple,* 103 Cal. 447, [37 Pac. 414]; *Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672, [74 Pac. 301].) The application here was not made within six months after the making of the order of dismissal.

The rule prescribing an absolute limit of six months for such relief—a rule made by judicial decision and not by statute—seems very harsh in a case where the existence of the order or judgment is not discovered by the party against whom it was given in time for him to make his application within the necessary six months, and it may be that it is subject to the qualification that discovery be made within time for the injured party to apply within the six months or he have a reasonable time after discovery to act. So far as we are aware, this particular point has not been decided in this state, unless possibly *Smith* v. *Jones,* 174 Cal. 513, [163 Pac. 890], be such a decision. But even if the rule be subject to this qualification, the plaintiff's application here was not in time. In order to extend the period beyond six months from the finally effective date of the order, it was certainly necessary that the plaintiff show affirmatively that it had through no fault of its own failed to discover the order in time for it to act within that period. There was no showing whatever of this sort. So far as appears, the plaintiff may have discovered the order of dismissal the day it was made. If, then, the order of dismissal was finally effective the day it was made, the authority of the court to set it aside on motion ten months later was gone.

The question in the case, therefore, reduces itself to one as to the finally effective date of the order of dismissal. The facts in this connection are that while the order was signed by the judge and filed January 26, 1918, it was not entered until December 31st of that year. In other words, it had not been entered at the time when the court made its order at the instance of the plaintiff vacating it. The question, therefore, is, Was such entry necessary in order to make the order

finally effective; in order that there be a judgment as distinguished from a mere order upon which a judgment could be had? If the order of dismissal was still of the latter character only, it was something over which the court still retained control and which it could revoke, either on the motion of a party or on its own motion, if it found it had been made inadvertently and unjustly. (*Robson* v. *Superior Court*, 171 Cal. 588, [154 Pac. 8].) It has even been held that after rendition of a judgment by the filing of findings of fact and conclusions of law with a direction for the entry of a certain judgment thereon, the court has still the power up to the time of the entry of the judgment to change the conclusions of law and the judgment to be entered. (See *Brownell* v. *Superior Court*, 157 Cal. 703, 708, [109 Pac. 91], and cases there cited.) After entry of judgment, however, such power is gone. (*First Nat. Bank* v. *Dusy*, 110 Cal. 69, [42 Pac. 476].)

The order of dismissal was made, as we have said, under section 581a of the Code of Civil Procedure. That section and section 581b both require the dismissal of an action in certain cases of delay in the prosecution of the action. Neither section, however, provides just how the dismissal is to be made, other than that it is to be made by the court. Both sections, however, are really supplements to section 581 of the Code of Civil Procedure, and were added to the code by subsequent amendments. In fact, the provision of section 581a that an action must be dismissed if summons is not issued within a year was originally a part of section 581. Section 581, like the two supplementary sections, provides for a dismissal by the court in certain cases, but it also provides how the dismissal is to be made. It reads that such dismissal "must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered." The implication is plain that the dismissal is not finally effective until the order is entered. This construction is also in accord with the view taken by this court of another very similiar provision formerly found in the section 581. The section provides not only for dismissals by the court, but also for dismissals by the plaintiff. As to dismissals of the latter sort, the section before its amendment in 1897 (see *Hopkins* v. *Superior Court*, 136 Cal. 552, [69 Pac. 299]) provided that upon the written

request or consent of the plaintiff, the dismissal should ''be made by entry in the clerk's register. Judgment may thereupon be entered accordingly.'' Under this language a number of cases arose involving the question as to the effect of a dismissal requested and entered in the clerk's register, but upon which judgment had not yet been entered. Thus in *Page* v. *Superior Court,* 76 Cal. 372, [18 Pac. 385], the lower court made certain orders in an action after a request for a dismissal by the plaintiff had been filed and entered in the register, but judgment had not been entered upon it. The plaintiff applied to the supreme court for a writ of *certiorari* to annul the orders so made, on the ground that the court was without authority to make them, since the action was no longer pending when they were made. It was held that the dismissal was not effective until judgment was entered, and the writ asked for was denied. (See, also, *Page* v. *Page,* 77 Cal. 84, [19 Pac. 183]; *Acock* v. *Halsey,* 90 Cal. 215, 219, [27 Pac. 193]; *Rochat* v. *Gee,* 91 Cal. 355, [27 Pac. 670]; *Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac. 298]; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56, [39 Pac. 309]; *Evans* v. *Johnson,* 115 Cal. 180, [46 Pac. 906]; *Walters* v. *Rossi,* 126 Cal. 644, [59 Pac. 143].) In the last-mentioned case, quoting from *Page* v. *Page, supra,* it is said: ''The dismissal is not complete in the sense that the control of the court over the cause is terminated, until the judgment is entered.''

[4] By every analogy to the rule of these authorities it should now be held that the language of section 581 in regard to dismissals by the court, directing that they be made by orders entered in the minutes and be effective when so entered, requires that they be so entered in order that they be effective. By every analogy also it should be the rule that orders of dismissal under sections 581a and 581b should like similar orders under section 581 be at least entered in the minutes in order that they be finally effective and constitute judgments. In fact, strong reasons may be urged why the effective character which an order of dismissal under section 581 assumes, upon its mere entry in the minutes, is an exception to the general rule that judgments must be entered in the judgment-book before they become effective as judgments (Code Civ. Proc., secs. 664 and 668), and that the exception should not be extended beyond the particular case

provided for by the statute. If this be the true rule, then judgment must be entered in the judgment-book in order that an order of dismissal under sections 581a or 581b be finally effective. But whether the true rule be this or be that prescribed by section 581, the order in the present case was not finally effective as a judgment when the order vacating it was made, since it had been not entered in the minutes nor had judgment upon it been entered in the judgment-book. It follows that it was still within the control of the court, which could vacate it, if made inadvertently or through mistake. In the present case the court was plainly called on to vacate it, if it had authority to do so. Its action in making the order of vacation was therefore proper and its subsequent action in setting aside that order was erroneous.

Before concluding we should, perhaps, say that when we have been speaking of an order of dismissal or an order for judgment, as not effective until entered, we have been speaking of it only as effective as a final termination of the action, discharging the parties, so to speak, from before the court, and ending the general authority of the court over the action. In many other ways an order of dismissal or an order for judgment is effective before entered or before judgment is entered upon it. (See, for example, *Fresno Estate Co.* v. *Fisk,* 172 Cal. 583, 599, [157 Pac. 1127], and cases there cited.)

Order of dismissal affirmed and order setting aside the order vacating the order of dismissal reversed.

Shaw, J., and Lawlor, J., concurred.