VINCENTO MONTEIRO, Plaintiff, *v.* ST. JUST STEAMSHIP COMPANY, LTD., Defendant.

Supreme Court, Kings Special Term, April 2, 1924.

**Costs — security — alien plaintiff actually residing in this state although he did not enter pursuant to Immigration Law is not required to give security under Civil Practice Act, § 1522.**

The plaintiff in an action to recover damages for personal injuries suffered, who though an alien was an actual resident of this state at the time the action was commenced, will not be required to give security for costs under section 1522 of the Civil Practice Act though he did not enter the United States pursuant to the Immigration Law, for the fact that he is not domiciled here does not compel him to give security for costs if in fact he is an actual resident of this state.

MOTION for reargument of motion made and granted vacating an order requiring plaintiff to give security for costs.

*Stephen Crick,* for the plaintiff.

*Kirlin, Woolsey, Campbell, Hickox & Keating,* for the defendant.

CALLAGHAN, J.   This motion is to reargue a motion made and granted vacating an order requiring the plaintiff to give security for costs.   The plaintiff is not a citizen of this country.   He entered the country as a seaman at the port of Philadelphia and, because of an injury received there, he was sent ashore for treatment.   He afterwards came to New York and took up a residence in Brooklyn.   For about seventeen years prior to the beginning of this action, he has been sailing on vessels making ports in the United States.   It is the contention of the defendant that plaintiff cannot have a residence in this country as he did not enter the country pursuant to the Immigration Law.   Section 1522 of the Civil Practice Act provides that a person residing without the state shall give security for costs.   The statement of plaintiff that he resides at 91 Hamilton avenue, Brooklyn, is not contradicted.   He can reside at that address and at the same time have a domicile elsewhere.   It was the confusion between " residence " and " domicile " which has no doubt led to the granting of the order requiring security for costs.   It is the actual " residence " of a plaintiff and not his " domicile " that determines the question of security for costs.   The statute is not restricted to aliens any more than to others.   An alien may acquire a residence while temporarily in this country which would bring him within the provisions of the statute.   *Norton* v. *Mackie,* 8 Hun, 520; *Matter of Austen,* 13

App. Div. 247; *Flaherty* v. *Cary*, 25 id. 195; *Barney* v. *Oelrichs*, 138 U. S. 529, 532.   The motion for a reargument is denied, with ten dollars costs.

Ordered accordingly.