MARIA GAY ZENATELLO and Another, Respondents, *v.* LILY PONS (MESRITZ), Appellant, Impleaded with AUGUST MESRITZ, Defendant.

First Department, April 29, 1932.

*Alfred McCormack* of counsel [*Carlile Bolton-Smith* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood,* attorneys], for the appellant.

*David M. Neuberger,* for the respondents.

MARTIN, J. The plaintiffs secured a warrant of attachment against the property of the appellant Lily Pons (Mesritz) on January 18, 1932, upon the ground that she was not a resident of the State of New York. The action is brought to recover damages in the sum of $315,000 for wrongful discharge in violation of a written contract of employment between Maria Gay Zenatello and Lily Pons (Mesritz). Giovanni Zenatello, the husband of the plaintiff Maria Gay Zenatello, and August Mesritz, the husband of the appellant, appear to be merely nominal parties herein.

The appellant, Lily Pons (Mesritz), seeks to vacate the attachment upon the ground that at the time it was issued she was a resident of the State of New York and not a non-resident.

Lily Pons (Mesritz) is an opera singer at the Metropolitan Opera House, where she is regularly employed and for which services she receives a weekly salary. Her contract requires her to appear in operatic performances until the year 1935, providing the Metropolitan Opera Company requires her services. She also has a contract to sing for the Metropolitan Musical Bureau, a subsidiary of the Columbia Broadcasting Company. This organization arranges her concert tours and books her for radio broadcasting. She has two other contracts; one to sing at Buenos Aires in the summer of 1932, and the other to make records for the R. C. A. Victor Company.

In February, 1930, the appellant, who is a French citizen by birth, resided in Paris with her husband, who is a citizen of Holland. In March, 1930, she arrived in the United States to engage in opera

and concert singing. She returned to her home pending the commencement of her new engagements in the fall of 1930. In the summer of 1930 she lived in France but traveled for a time and visited plaintiffs at their home in Verona, Italy. In the fall of 1930 she returned to New York to prepare for her appearance in opera and made her debut at the Metropolitan Opera House in January, 1931.

When the opera season closed, appellant, pursuant to her contract with the Metropolitan Musical Bureau, made a concert tour in the United States, maintaining her headquarters in New York. On May 22, 1931, she sailed for South America to sing in opera at Buenos Aires and in concert at Rio de Janeiro. She returned directly to New York on October 9, 1931, where she now lives. She has not been absent from New York at any time since October 9, 1931, except when on concert tour for short periods, her longest stay at any place outside of New York being for a week in Havana, Cuba, in November, 1931, when she combined a concert engagement in that city with a vacation. She has not been in Paris, her alleged place of residence, since she came to New York in the fall of 1930, a year and a half ago.

The appellant has lived at the Hotel Madison, in the city of New York, since October, 1931, in an apartment leased by her husband, which lease is still in existence. Prior to May, 1931, the appellant's husband maintained their home in an apartment in the city of Paris. In May, 1931, the lease of that apartment having expired, he vacated it and disposed of the household goods. Since that time neither the appellant nor her husband has maintained any house, apartment or place of residence anywhere except in the city of New York.

In *Hanover National Bank* v. *Stebbins* (69 Hun, 308), in considering a motion to vacate an attachment under section 636 of the Code of Civil Procedure (now Civ. Prac. Act, § 903), the test of residence is stated as follows: " In determining this question of residence for the purpose of an attachment, the distinction must always be kept in mind between it and domicile. The fact that the defendant never acquired a residence in another place and that he had all the time since 1891 an intention to return and resume housekeeping with his family in this city, would be sufficient to constitute a domicile within this State. But the word ' residence,' as used in section 636 of the Code, means the abode or place where one actually lives and not one's legal domicile."

The plaintiffs contend that the proof submitted by them establishes the fact that the defendant, appellant, and her husband are not residents of the State of New York and that they reside in Paris, France. Most of the evidence produced to sustain that

contention relates to events which occurred prior to the time that the appellant was employed by the Metropolitan Opera Company and by other corporations with whom she is now under contract. It is difficult to understand how this defendant could remain in New York for several years, during the entire opera season, appearing frequently under one contract, and during the balance of the season fulfill other contracts and not be a resident of New York city where she has lived during all that time.

The appellant has stated under oath that she has no residence or place of abode in the city of Paris, France, or any other place, except New York city; that the apartment referred to by the plaintiffs was vacated and the contents thereof disposed of in May, 1931, and that neither the appellant nor her husband has had any permanent residence or place of abode since that time, except in New York city.

The contract with the Metropolitan Musical Bureau to appear in concerts, musicales, orchestral performances and radio broadcasts does not expire until October, 1936, and under this contract the appellant must appear in concerts or at other performances in New York city and elsewhere during the entire season.

The question at issue is not whether the appellant could qualify as a resident of Paris or some other place by reason of having had a home there, but whether at the time the warrant of attachment was issued the appellant was a resident of New York.

In *Rosenzweig* v. *Wood* (30 Misc. 297; affd., 52 App. Div. 631) the court said: " It is very clear that the defendant was actually living in New York at the time the attachment was obtained, no matter what property she may have left in Chicago or what her intention as to returning there may have been. In Waples on Attachments (at pp. 34, 35) we find the following, viz.: ' The condition upon which attachment issues is, not that the debtor be a resident of another State or country, but that he be not a resident of the State in which the suit against him is brought and the attachment issued. * * * The essential charge is that he is not residing or living in the State; that is, that he has had no abode or home within it, where process may be served so as effectually to reach him. In other words, his property is attachable, if his residence is not such as to subject him personally to the jurisdiction of the court, and place him upon equality with other residents in this respect.' * * *."

It is pointed out by the appellant that if she was not a resident of New York in January, 1932, when the attachment was issued, she was not a resident of any State or country. She has no home outside New York city, no place where her personal belongings are

kept, no place to which she might return if and when she should leave New York, unless she should establish another home or a new residence elsewhere. She lives and works in New York. She receives her salary there, keeps her personal belongings in New York city and her husband resides there with her.

In *Irwin* v. *Raymond* (58 Misc. 319), on a motion to vacate an attachment on the ground that defendant was a resident of this State, the court defines the term " residence " as follows: " By residence as used in the statutes authorizing attachment is meant not legal domicile, but actual place of abode or living, either of a temporary or permanent character, at which a service of process might be lawfully made. * * * If the ordinary process of law could be served upon the debtor by his being actually within its reach in this State, then, notwithstanding his legal residence or domicile may have been in another State, he is not liable to this extraordinary proceeding. * * * By reason of the severity of the remedy of attachment and of the fact that it is in derogation of common law, the burden of proving defendant's non-residence as a ground for the issuance of the writ rests upon the plaintiff. * * *."

The plaintiffs call attention to the fact that by reason of the immigration laws this appellant cannot become an American citizen at the present time, and, therefore, argue that she can have no residence in the city of New York. The immigration laws deal with an entirely different subject. A person who is temporarily in the United States may have a residence in New York under the protection of the immigration laws.

The test of residence under the attachment statute is actual place of abode, whether temporary or permanent. A visitor under the immigration laws may not only come to New York but may be employed here and work here for months and maintain his residence in New York city while visiting or working in this country.

It may be true that when an alien who has been admitted for the alleged purpose of a temporary visit is found to have taken a permanent residence in the United States, he may be compelled by the Secretary of Labor to return to his own country. That applies where one seeks to establish a permanent residence without a legal right to do so. It does not deprive a person who is properly in the United States by virtue of the permission that may be granted, from taking up a temporary residence and remaining here as a resident of New York during that period.

It having been demonstrated beyond doubt that the appellant was a resident of the State of New York at the time the attachment was issued, the order appealed from should be reversed, with ten

dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., and TOWNLEY, J., concur; McAVOY and O'MALLEY, JJ., dissent.

O'MALLEY, J. (dissenting). Concededly the question presented is one of residence, not domicile. Even in this view I am of opinion that the defendant Lily Pons (Mesritz) is not a resident. She is here as a visitor under a six months' temporary permit which expired March 24, 1932. Assuming that a renewal of this permit may be secured, it appears that the defendant during a great portion of the time has been absent from New York, not only on business trips to other States, but to foreign countries. Moreover, it is to be noted that the defendants were successful in compelling the plaintiffs to give security for costs upon the claim that they were non-residents, notwithstanding that the plaintiffs were here under a similar temporary permit and have apparently been in New York State each year at least as long as the defendant Pons. In addition, on a motion for a temporary injunction in an equitable action heretofore brought, the defendant August Mesritz made affidavit to the effect that the defendant Pons' contracts with one exception had all been made in New York with organizations having their offices there and that " those contracts can be attached to satisfy any judgment which the plaintiffs might get." The only basis of such an attachment would be her non-residence.

I, therefore, vote to affirm the order appealed from.

McAVOY, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.