[L. A. No. 14329. In Bank.—April 20, 1934.]

D. WEBSTER EGAN, Respondent, v. IRENE C. McCRAY, Appellant.

Henry G. Bodkin, Bodkin & Lucas, G. Stuart Silliman and Bourke Jones for Appellant.

Frank Lober and D. Webster Egan for Respondent.

THOMPSON, J.—A rehearing was granted herein because we entertained a doubt concerning whether the order hereinafter mentioned dismissing the action was in fact void. For reasons hereinafter stated we have concluded that it is unnecessary to determine that question.

This action, instituted August 2, 1929, was at issue and on for trial on April 29, 1930. It involves a money demand for $1346.08. ▮ At the time the case was called for trial the court, acting under the mistaken belief that it had been bereft of jurisdiction thereof by the provisions of the statute of 1929 (Stats. 1929, chap. 477, p. 837, in effect August 14, 1929), gave an order, which was entered in the minutes only, purporting to dismiss the action. Later, and on October 16, 1930, on motion of the plaintiff after due notice, the court vacated said order of dismissal and restored

the cause to the calendar. From this last-mentioned order defendant has appealed, asserting that the order of dismissal became final and remained in full force and effect and the trial court was without power to interfere with it.

In response to appellant's contention the respondent says, among other things, that the order of dismissal had not become effective and final for the reason that no judgment had been entered. We think the respondent's position is well taken. The general rule expressed in section 664 of the Code of Civil Procedure is that no judgment shall become "effectual for any purpose until so entered". When provision is made, as it is, with respect to certain grounds for the dismissal of an action of which this is not one, in section 581 of the Code of Civil Procedure, it constitutes an exception to the general rule and cannot be extended beyond the strict letter of the statute. This thought is confirmed when we bear in mind that a motion to dismiss on the ground of want of jurisdiction of the subject matter is in its legal effect a demurrer to the complaint on that ground. (9 Cal. Jur. 523.) Hence, to dispose of the action a judgment is necessary. We are not without precedent to support this conclusion. In *McCallum* v. *Still*, 59 Cal. App. 572 [211 Pac. 466], the District Court of Appeal was confronted with a somewhat similar situation. True, in that case the court says that the order of dismissal "was undoubtedly inadvertently made", yet the fact remains that the question was settled upon the ground that no judgment had been entered. It was there said: "As recited above, the purported dismissal was ordered by the court, but the dismissal did not fall within the provisions of subdivision 3, subdivision 4 or subdivision 5 of section 581 of the Code of Civil Procedure. Such being the case, the rule governing the procedure is that provided in section 582 of the Code of Civil Procedure. If the clerk had proceeded to enter a judgment of dismissal pursuant to the order made May 11, 1916, the appellant's contention might have some merit. However, as we have shown above, no judgment of dismissal was entered and the court had full power on the nineteenth day of February, 1919, to prepare and sign findings and judgment disposing of the case on its merits." Again we find persuasive language in the case of *Consolidated Const. Co.* v. *Pacific Elec. Ry. Co.*, 184 Cal. 244 [193 Pac. 238],

wherein we read: "In fact strong reasons may be urged why the effective character which an order of dismissal under section 581 assumes, upon its mere entry in the minutes, is an exception to the general rule that judgments must be entered in the judgment book before they become effective as judgments (Code Civ. Proc., secs. 664 and 668), and that the exception should not be extended beyond the particular case provided for by the statute."

The conclusion to which we have come renders discussion of other points unnecessary.

The order is affirmed.

Shenk, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

PRESTON, J., Concurring.—I concur in the result announced, but I think the reasoning employed may lead to confusion respecting the rule as to when a judgment of dismissal is required and when a minute order will suffice.

The judgment is so palpably void on the ground that as a matter of law the court could not divest itself of jurisdiction by the order in question, that I think it should be so declared. Declarations respecting rules of law should, where possible, be clear and positive. Otherwise complications are bred and the application of law made more difficult, if not more doubtful. Here no proof is required and no finding of fact outside the face of the record is necessary. As a plain mandate of the law the court had jurisdiction and could not, by a mistaken order, divest itself thereof.