ANDREW MOREK, Respondent, *v.* JOSEPH SMOLAK, Appellant.

Fourth Department, October 2, 1935.

*Thomas M. Bowes*, for the appellant.

*William R. P. Malony*, for the respondent.

SEARS, P. J.   The order before us on this appeal vacated a previous order granted *ex parte* requiring plaintiff to give security for costs as " a person residing without the state." (Civ. Prac. Act, § 1522.)

The provisions requiring the giving of security by a person residing without the State like the provisions authorizing an attachment against a non-resident, are based upon the probable difficulty or impracticability of enforcing judicial mandates against persons not dwelling within the jurisdiction of the courts. This underlying reason for the provision as to security for costs must be considered in construing the words " residing without the State " in the statute. The words " residence " and " resident " and " reside " in statutes have not a uniform meaning. They are to be construed in the light of the context with consideration of the purpose of the statutory enactment. (Restatement, Conflict of Laws, § 9, and notes thereto; Keenan on Residence and Domicile, § 10 *et seq.;* Id. §§ 19, 481, 504; *Zenatello* v. *Pons*, 235 App. Div. 221; *General Motors Acceptance Corp.* v. *Barnett*, 142 Misc. 192.)

Our opinion is that the purpose of the statute (Civ. Prac. Act, § 1522) is best subserved by holding the words " residing without the state " to relate to actual dwelling rather than to a technical legal domicile such as may be involved when citizenship or immigration acts or statutes as to voting are construed and applied. (*Lyon* v. *Lyon*, 30 Hun, 455; *Bennett* v. *Watson*, 21 App. Div. 409; *Flaherty* v. *Cary*, 25 id. 195; *Barney* v. *Oelrichs*, 138 U. S. 529, at p. 532; *United States ex rel. Patton* v. *Tod*, 297 Fed. 385; *Gabriel* v. *Johnson*, 29 F. [2d] 347.)

Even though the plaintiff on the record before us be assumed ineligible to acquire a technical domicile in this country sufficient to satisfy the Federal statutes by reason of his violation of the

Immigration Law when entering the country years ago, still he is living in this State with his wife and children — he having married in this country and his children having been born here — and occupying a house on a farm in this State owned by him, with intention to remain here. Only the Federal government can remove the plaintiff from this country, and we find nothing in the record to establish that the plaintiff has anything more than a possible nationality right " without this State."

We have not overlooked the case of *Monteiro* v. *St. Just Steamship Co., Ltd.* (211 App. Div. 867) and regret to have reached a conclusion apparently in conflict with the view there expressed.

The order, therefore, should be affirmed with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.