WALTER J. HARSHBARGER, Plaintiff, v. SHERRON METALLIC COR-
PORATION, Defendant.

Supreme Court, Special Term, Queens County, February 19, 1943.

*Harry W. Stelle* for plaintiff.

*Charles M. Hall* for defendant.

RUBENSTEIN, J. This is a motion to vacate an order requiring plaintiff to furnish security for costs as a nonresident, pursuant to section 1522 of the Civil Practice Act.

Plaintiff alleges that at the time of the commencement of the action he was a resident of New York City, inasmuch as on November 1, 1942, he subleased as a month-to-month tenant a furnished apartment, consisting of three rooms, at 559 Fifth Avenue and, further, that since renting the said apartment he has lived there from Monday to Friday in each week. Plaintiff also states that sometimes he spends weekends, Saturday and Sunday, at a residence he maintains at Somerville, New Jersey, but that some weekends he stays at his New York City resi-

dence. Plaintiff alleges further that he works for Rex Cole, Inc., located in Long Island City, Queens County, New York.

In opposition to the motion defendant asserts that plaintiff is listed in the Somerville, New Jersey, telephone book; that he owns a residence in that town where he resides with his family and, further, that when, immediately following the accident, he was taken to St. Vincent's Hospital in New York he gave his residence as Somerville, New Jersey. These facts are not denied by the plaintiff. Defendant also contends that the subletting of the small apartment in New York City does not constitute an abandonment of the New Jersey residence and, further, there is nothing in the plaintiff's affidavit which would indicate that his " residence " in New York is more than a temporary business convenience.

The significance of the word " residence " depends upon the particular statute under consideration and the pertinent object sought to be obtained.

As was pointed out in *Morek* v. *Smolak* (245 App. Div. 355, 356): " The provisions requiring the giving of security by a person residing without the State, like the provisions authorizing an attachment against a non-resident, are based upon the probable difficulty or impracticability of enforcing judicial mandates against persons not dwelling within the jurisdiction of the courts. This underlying reason for the provision as to security for costs must be considered in construing the words ' residing without the State ' in the statute. The words ' residence ' and ' resident ' and ' reside ' in statutes have not a uniform meaning. They are to be construed in the light of the context with consideration of the purpose of the statutory enactment. (Restatement, Conflict of Laws, § 9, and notes thereto; Keenan on Residence and Domicile, § 10 *et seq.*; Id. §§ 19, 481, 504; *Zenatello* v. *Pons,* 235 App. Div 221; *General Motors Acceptance Corp.* v. *Barnett,* 142 Misc. 192.)

" Our opinion is that the purpose of the statute (Civ. Prac. Act, § 1522) is best subserved by holding the words ' residing without the state ' to relate to actual dwelling rather than to a technical legal domicile such as may be involved when citizenship or immigration acts or statutes as to voting are construed and applied."

The court has been unable to find any cases construing section 1522 of the Civil Practice Act where the factual situation resembles the one at bar. The closest one is *Flaherty* v. *Cary* (25 App. Div. 195). There the court held that the statements in plaintiff's affidavit to the effect that he lived at No. 309 West

14th Street, New York City, whenever his business engagements permitted him to make protracted stays in the city, and his storage of trunks and property in that house during his absences, called for no special consideration; neither did the fact that he had always registered as a qualified voter in this city whenever circumstances permitted him so to do, and also that he never voted or performed any other act of citizenship in any State other than New York. The court decided there that plaintiff was a nonresident.

The question of venue under section 182 of the Civil Practice Act in the opinion of the court presents problems akin to those presented here. In determining where an action must be tried, i. e., the county in which one of the parties resided at the commencement thereof, the word " resided " as used in section 182 has been held to mean " a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." (*Washington* v. *Thomas,* 103 App. Div. 423.) There, the court stated (p. 425): " In a great commercial city like New York many persons residing in other parts of the State, and in other States, have offices there for the transaction of business, and rooms or apartments where they stop while in such city, but this does not make them residents of the city, in the sense in which the word ' resided ' is used in section 984 of the Code of Civil Procedure, any more than would temporarily engaging an office or a room for a night, a day or a week every time they came to the city."

In *Kleinrock* v. *Nantex Manufacturing Co.* (201 App. Div. 236, 238, 239), the Appellate Division, Second Department, placed the same interpretation on the meaning of the word " resided." Differing constructions of the word " residence " in connection with other statutes are not particularly helpful here, inasmuch as each such determination is made " in the light of the context with consideration of the purpose of the statutory enactment." (*Morek* v. *Smolak, supra.*)

A consideration of all of the foregoing leads to the conclusion that plaintiff is a nonresident within the purview of section 1522 of the Civil Practice Act. There does not appear to be any degree of permanency or continuity to his residence in New York City, in view of the fact that he merely sublets a furnished apartment on a month-to-month basis for the convenience of his business. On the contrary, that residence seems to be but temporary in character. Under the circumstances plaintiff's motion is denied.