[Civ. No. 16254. Second Dist., Div. Two. May 4, 1948.]

RAY J. RODGERS, Respondent, v. L. HORN et al., Defendants; DANIEL LONEY HORN, Appellant.

Gibson, Dunn & Crutcher and William French Smith for Appellant.

Samuel P. Young for Respondent.

WILSON, J.—This appeal is from an order granting plaintiff's motion to set aside an order dismissing the action and to restore the cause to the trial calendar.

The action is to recover damages for alleged negligence and carelessness on the part of defendant in extracting one of plaintiff's teeth. The complaint was filed on July 23, 1946. On August 15, defendant filed a demand requiring security for costs, pursuant to section 1030 of the Code of Civil Procedure, on the ground that plaintiff was a nonresident of California. On September 17, an affidavit of one of defendant's counsel was filed on his behalf reciting that more than 30 days had elapsed since the service of the demand and that no undertaking for costs had been filed, and

praying that the cause be dismissed. Following the signature and jurat to the affidavit appears the following order: "It is so ordered this 17th day of September, 1946, Dudley S. Valentine, Presiding Judge." This order was not entered in the minutes of the court and no judgment of dismissal was entered. A minute order was entered on September 18, reading: "Good cause appearing therefor setting of April 14 1947 is ordered vacated." This was the only minute entry following the signing of the order of dismissal. On October 10, plaintiff deposited $300 with the clerk of the court as a cash bond for costs and served a notice of the deposit on counsel for defendant.

Plaintiff's counsel, on or about May 1, 1947, for the first time received knowledge that the order of dismissal had been signed. On May 6, 1947, he filed a notice of motion to relieve plaintiff from and to vacate the order of September 17, 1946, dismissing the action and to restore the action to the trial calendar. The motion was heard by the court on May 16, and was granted on June 11, 1947. The appeal comes from that order.

The motion to set aside the order of dismissal was accompanied by an affidavit of plaintiff's counsel reciting that the undertaking for costs was not given within the period provided by section 1030 of the Code of Civil Procedure due to inadvertence, mistake and excusable neglect (1) because plaintiff's counsel was under the impression and honestly believed that the action would not and could not be dismissed for failure of plaintiff to post a bond until after a motion to dismiss had been made and the court had ruled thereon; (2) that no notice was given by defendant's counsel of the motion to dismiss and no notice of dismissal was given to plaintiff or his counsel. The affidavit recites that on August 16, 1946, immediately after receiving demand for security for costs, plaintiff's counsel sent a letter to his client notifying him of the demand and of the necessity for furnishing an undertaking to secure costs; that plaintiff was then in the State of Oregon and had been away from home; plaintiff's counsel did not receive a reply from his client until September 23; as soon as cash could be obtained he deposited $300 with the clerk on October 10, 1946, and on the same day served on defendant's counsel and filed a notice that the deposit had been made. Affiant states that prior to the expiration of the 30-day period within which plaintiff was required to give se-

curity he consulted with the chief civil deputy in the county clerk's office and inquired the procedure for obtaining additional time for filing the security; that the deputy informed him that proceedings in the case would be suspended until security for costs was given, that no other proceedings would be taken without notice to plaintiff, that any proceedings for a dismissal of the action could only be had on notice to plaintiff or his attorney, and that plaintiff would be permitted to file his security prior to the hearing for motion to dismiss. Resting on this assurance plaintiff's counsel noted on his office calendar that security for costs was due on or before September 15, and was prepared to advance the costs on behalf of his client if it should become necessary in order to prevent a dismissal of the action. Affiant states that on October 10, 1946, as above noted, he deposited cash in lieu of an undertaking and at that time he was without knowledge that an order of dismissal of the action had been signed and filed and did not discover that fact until about May 1, 1947, when in reviewing the files of cases in his office he discovered that the action had not been set for trial. By reason of such examination of the files in the action he discovered for the first time that the order of dismissal had been signed.

Insofar as the facts are concerned they amply justify the order setting aside the order of dismissal, but defendant maintains that the court was without jurisdiction to disturb the order because the motion to be relieved therefrom was made too late.

The motion to vacate the ex parte order of dismissal was made more than six months after it had been signed and filed. Since it had never been entered in the minutes of the court or in the judgment book and no judgment of dismissal had been entered, one of the questions to be determined is whether the order had become final prior to the filing of the application to set it aside. If the order had become final the motion to vacate it came too late and the court was without power to interfere with it on plaintiff's motion. If the order cannot be considered as a judgment or if it had not become final as an order the court had control over it and had jurisdiction to set it aside after the expiration of the six-month period.

With certain exceptions not applicable in this action the general rule is that a request for the setting aside of an order or a judgment must be made within six months "after such judgment, order or proceeding was taken." (Code Civ. Proc., § 473.) The cases relied on by appellant are those in which

the application to vacate a judgment or an order was not made within the six-month period, such as *Bowman* v. *Bowman*, 29 Cal.2d 808, 813 [178 P.2d 751, 170 A.L.R. 246]; *Phillips* v. *Trusheim*, 25 Cal.2d 913, 917 [156 P.2d 25], and other like cases. For reasons presently appearing this is not the determinative point on this appeal.

 Section 473 of the Code of Civil Procedure permits relief to a party from a judgment or order taken against him "through *his* mistake, inadvertence, surprise or excusable neglect." (Italics ours.) That section does not establish any limitation upon the granting of relief to a party from an order taken against him through the mistake, inadvertence or neglect of the opposite party or through error of the court.

Appellant contends that the error that gave rise to this appeal was that of respondent in failing to file his undertaking within 30 days after service of appellant's notice demanding security. That the burden may not be so easily shifted and that the error from which respondent sought relief was not his own but was one of appellant and the court will appear from the discussion to follow.

Section 1030 of the Code of Civil Procedure provides that when security for costs is demanded by a defendant in an action all proceedings are suspended until an undertaking therefor is filed with the clerk, and that any stay of proceedings granted under the provisions of that section shall extend to a period of 10 days after service on defendant of a written notice of the filing of the undertaking. It is further provided that if such undertaking is not filed within 30 days from the service of notice demanding security the court may order the action to be dismissed.

The neglect of respondent to file his undertaking within the time designated in section 1030 is not the error upon which this appeal arises. Respondent's motion is not directed to relief from his delay in posting his bond. He seeks relief from the order dismissing the action. The error of which respondent complains and the only one that will permit of the vacation of the order of dismissal upon motion made more than six months after its filing is the failure of the court either to enter the order in the minutes or in the judgment book or to make and enter a judgment of dismissal. This was not an error on the part of respondent. He had nothing to do with that order. Where the error or inadvertence is that of the court or of the court and the opposite party, as distinguished from one chargeable to the party seeking relief there-

from, section 473 of the Code of Civil Procedure has no application. The court retains jurisdiction of the cause and may set aside its order. (*Consolidated Const. Co.* v. *Pacific El. Ry. Co.*, 184 Cal. 244, 247 [193 P. 238] ; *Egan* v. *McCray*, 220 Cal. 546, 547 [31 P.2d 1041] ; *Robson* v. *Superior Court*, 171 Cal. 588, 590 [154 P. 8] ; *Whitney* v. *Superior Court*, 147 Cal. 536, 541 [82 P. 37] ; *Bryant* v. *Superior Court*, 16 Cal.App.2d 556, 563 [61 P.2d 483].)

Respondent sought and obtained relief in the lower court from the order of dismissal obtained by appellant, not from an order which he, respondent, procured. The error involved in this action is chargeable both to the court and to the opposite party, appellant,—to the court in failing to have its order or a judgment thereon properly entered, and to appellant in neglecting to see that such order or judgment was entered. The error cannot be imputed to respondent or to any act of commission or omission for which he was in any manner responsible.

In *Consolidated Construction Co.* v. *Pacific El. Ry. Co., supra,* an order dismissing the action was inadvertently made at the instance of a party claiming an interest in the property involved adverse to the plaintiff. The court said that the error was not that of the plaintiff (the party seeking relief from the order) but was one of the court or of the court and the opposite party. It held that section 473 did not apply and that orders dismissing actions must ''be at least entered in the minutes in order that they be fully effective and constitute judgments.'' (Pp. 247-250.) The court referred to the fact that sections 581a and 581b of the Code of Civil Procedure do not provide how dismissals provided for therein are to be made and said that those sections should be analogized to section 581 which does provide the manner of dismissing actions thereunder and that dismissals made pursuant to the former sections should be made in the manner required by section 581 (p. 250). Correspondingly section 1030 of the Code of Civil Procedure does not provide the manner in which a dismissal shall be made upon failure of a plaintiff to provide a nonresident cost bond. There is no reasonable basis for permitting an order dismissing an action pursuant to section 1030 to be more informal than one made under sections 581, 581a and 581b or for excusing entry in the minutes in one case and requiring it in the others.

While the court in the Consolidated Construction case seems to deem a minute entry to be sufficient, other cases go further

and hold that an order dismissing an action is not final and not beyond the jurisdiction of the court to vacate it unless a judgment of dismissal has been entered. In *Egan* v. *McCray*, 220 Cal. 546 [31 P.2d 1041], the court made an order dismissing the action which was entered only in the minutes. Later the court set it aside and restored the case to the calendar. The appellant contended that the order had become final and that the trial court was without jurisdiction to vacate it. The court held that "the order of dismissal had not become effective and final for the reason that no judgment had been entered." Also in *McCallum* v. *Stull*, 59 Cal.App. 572 [211 P. 466], where the court had ordered the action dismissed but only a minute entry of the order had been made, it was held that since a judgment had not been entered the dismissal was ineffectual and the court retained jurisdiction of the action.

Appellant maintains that even though the motion here under consideration was not made under section 473, nevertheless the time limit specified in that section is applicable by analogy and that the court was without power to entertain respondent's motion, citing *Smith* v. *Jones*, 174 Cal. 513 [163 P. 890]; *People* v. *Temple*, 103 Cal. 447 [37 P. 414]; *Richert* v. *Benson Lumber Co.*, 139 Cal.App. 671 [34 P.2d 840]; *Vaughn* v. *Pine Creek Tungsten Co.*, 89 Cal.App. 759 [265 P. 491]. In these cases the motions were to set aside defaults and judgments on the ground that service of summons had not been made on the defendants. Since the defendants had not been served with process their failure to appear was not due to their "mistake, inadvertence, surprise or excusable neglect" but the court held that the motions to set aside the defaults and judgments should have been made "within a reasonable time." The periods provided in section 473 were applied as determining what was a reasonable time.

There is a vast difference between the circumstances of the cases relied on by appellant and those of the instant case. In those cases a remedy for the plight in which the defendants found themselves was not impossible. They had the privilege of seeking relief of a court of equity to set aside the judgments on which they were not liable if process had not been served, but in the case at bar respondent is without opportunity of obtaining any relief whatsoever. An order dismissing his action has been made and unless its revival through the vacating of the dismissal can be sustained on this appeal he is without remedy since the filing of a new action is now barred by the statute of limitations. Moreover, as we have pointed out,

section 473 has no application where the error complained of was made by the court, or by the court and the opposite party. In none of the cases which we have cited in which the error was not that of the party seeking relief was it suggested that the time limit of section 473 should be applied by analogy. In *Consolidated Construction Co.* v. *Pacific El. Ry. Co.*, 184 Cal. 244 [193 P. 238], the order setting aside the dismissal was made 10 months after the entry of the order, and in *Bryant* v. *Superior Court*, 16 Cal.App.2d 556 [61 P.2d 483], the vacating order was made more than two years after the date of the original order.

The case of *Bried* v. *Superior Court*, 11 Cal.2d 351 [79 P.2d 1091], an action for slander, presents a situation comparable with that in the instant case. The statute provides that in an action for libel or slander if the plaintiff fails to file a new undertaking as ordered after sustaining exceptions to sureties on the first undertaking the court "shall order the action to be dismissed." (Stats. 1880, p. 81, § 6; 2 Deering's Gen. Laws, 1944 ed., Act 4317, p. 1532.) Exceptions to sureties in the Bried case were sustained and the plaintiff filed a second bond with the same sureties and in substantially the same form as the first. Although a *new* bond was not filed as required by law and within the time allowed by the court dismissal of the action was denied. The opinion refers to the fact that a dismissal would result in the plaintiff's suffering the bar of the statute of limitations, that he had in good faith endeavored to comply with the statute, and that the object of the act was to protect a defendant in such an action and to secure his costs if the plaintiff did not procure a judgment. The court held that the giving of the bond was not jurisdictional and that the dismissal of the action for failing to comply strictly with the statute was not mandatory.

The parallel between the Bried case and this case is complete. In good faith and endeavoring to comply with the law respondent gave his bond after the expiration of the 30-day period without knowledge that the order of dismissal had been signed; the object of section 1030 of the Code of Civil Procedure is to secure a defendant's costs in an action brought by a nonresident; by reason of the posting of the cash bond by respondent appellant has the security to which he is entitled by law; if the order of dismissal should be upheld respondent will be barred by the statute of limitations from commencing another action. ▮ Section 1030 does not make the filing of a cost bond a jurisdictional act. It merely pro-

vides that proceedings shall be suspended until 10 days after service of notice of the filing of the undertaking. It provides that if the undertaking is not filed within 30 days after demand therefor the court *may* order the action to be dismissed. The libel and slander statute provides that the action *shall* be dismissed upon failure to file the required undertaking. The provision of that act requiring security is neither jurisdictional nor mandatory. (*Bried* v. *Superior Court, supra,* p. 354.) By analogy the same rule must be applied to section 1030 and the court therefore had not lost jurisdiction to grant respondent's application for relief.

█ It is the policy of the law to insure where possible the trial of an action on the merits. (*Burbank* v. *Continental Life Ins. Co.,* 2 Cal.App.2d 664, 667 [38 P.2d 451] ; *Security-First Natl. Bank* v. *Superior Court,* 132 Cal.App. 683, 695 [23 P.2d 1055] ; *Bried* v. *Superior Court,* 11 Cal.2d 351, 355 [79 P.2d 1091].) Appellant suffered nothing by the delay in providing the undertaking. Since the payment of the cash bond to the clerk was made only 25 days after the expiration of the 30-day period provided in section 1030 the delay will not permit the doctrine of laches to be interposed. Respondent acted in good faith in providing the bond as soon as possible after receiving notice from his attorney that it was required. He rested on the assurance of a deputy county clerk that the only penalty for failure to file the bond was the suspension of proceedings, and his assurance that the action could not be dismissed except on motion, notice of which would be required to be given by defendant to plaintiff. The granting of respondent's motion to vacate the dismissal rested in the sound discretion of the court. In view of the circumstances appearing in this record the court would have abused its discretion had it denied the motion.

Order vacating and setting aside the order dismissing the action is affirmed.

Moore, P. J., and McComb, J., concurred.