S. Samuel Di Falco, J.
Upon the foregoing papers this motion to direct plaintiff to post security for costs is granted. Plaintiff’s attempt to show that he resides in New York City falls far short of the proof necessary to establish that fact for *713 the purpose of this application. The mere keeping of a mailing address is not sufficient in the face of plaintiff’s statement that he has been working in New Jersey for several months and has apparently also lived there for that period. While plaintiff claims an intent to return to New York, there is no certainty that he will actually do so. The statute governing this application, section 1522 of the Civil Practice Act, when it speaks of “ residing without the state ” relates to actual dwelling rather than a technical domicile as may be involved for the purposes of other statutes or laws (Morek v. Smolak, 245 App. Div. 355; Harshbarger v. Sherron Metallic Corp., 179 Misc. 1037). The facts before me indicate that at the present time plaintiff is actually dwelling in the State of New Jersey. It there appears, within the principles laid down in the foregoing eases, that he is a nonresident within the purview of section 1522 and as such must supply security for costs. Settle order.