[Civ. No. 24181.   Second Dist., Div. Two.   Mar. 4, 1960.]

LOUIS McKINNEY MYERS, Appellant, v. RALPH
EDWARD CARTER, Respondent.

Milton Fenton for Appellant.

William B. Rodiger for Respondent.

HERNDON, J.—This is plaintiff's appeal from a judgment dismissing his personal injury action because of his failure to provide security for costs within the time allowed by an order of the trial court. The questions presented are these: (1) whether or not plaintiff "resided out of the State" within the meaning of section 1030 of the Code of Civil Procedure at the time the trial court first determined that he should be required to furnish security, and (2) whether the evidence before the court was sufficient to sustain an implied finding that plaintiff was a nonresident at the time the trial court reconsidered its original ruling on the issue as to plaintiff's residence.

Section 1030 of the Code of Civil Procedure, so far as here material, provides: "When the plaintiff in an action or special proceeding *resides out of the state,* . . . security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant. . . . After the lapse of 30 days from the service of notice that security is required, . . . upon proof thereof, and that no undertaking as required has been filed, the court or judge, *may* order the action or special proceeding to be dismissed." (Emphasis supplied.)

Chronologically stated, the operative facts are as follows:

On April 29, 1957, plaintiff filed a complaint for damages for personal injuries. On November 3, 1958, three days before the pretrial hearing, defendant served and filed "Notice and Demand to Furnish Security for Costs." On December 6, 1958, plaintiff filed a "Notice of Motion for Order Determining that Plaintiff is Not a Non-Resident" together with a supporting affidavit dated November 26, 1958, and stating in material part as follows: "That [plaintiff] has lived in California for 27 years, and considers that his domicile. His wife was born in Bakersfield, California. . . . That for the last year or so he has been out of the state because of the health of his wife, and in order to obtain better paying jobs. He has lived for brief periods of time in Bellingham, Washington; Portland, Oregon; and is now living temporarily in Las Vegas, Nevada. However, he and his wife consider Los Angeles as his domicile. That he uses as his home address, while he is out of the state, the home of his wife's grandmother on Chandler Boulevard, Burbank, California. . . . That he and his

wife intend to return to Los Angeles presently and remain permanently. That at all times since leaving California he and his wife have intended to return to California and consider it their permanent home.''

After hearing plaintiff's motion, the court made its order on December 22, 1958, determining that plaintiff was a nonresident and allowing him 20 days within which to file a nonresident cost bond. On January 9, 1959, plaintiff filed a ''Notice of Motion to Reconsider Ruling of the Court that Plaintiff is Not a Resident.'' On January 22, 1959, defendant filed a notice of motion to dismiss the action on the ground that plaintiff had failed to file the cost bond within the time allowed by the previous order.

On February 16, 1959, plaintiff returned to California, and on February 24, 1959, he filed an affidavit in support of his motion to reconsider which repeated the averment that he had lived in California for 27 years and considered California his domicile, and stated further as follows: ''He is residing at 2917 Chandler Boulevard, Burbank, California. He is employed at Bob's Number 1 Drive-In, 900 East Colorado Boulevard, Glendale, California as a restaurant employee. He has been living at the residence above set out and employed at the above described premises since February 16th, 1959 . . . At all times involved herein, the Plaintiff has maintained two residents [sic]. He has maintained a residence at the address above set out. He has considered and does consider California as his domicile. However, because of the health of his wife, and in order to obtain better paying jobs, he has lived briefly in other cities in other states. However, at all times he has considered himself a resident of the State of California, where, as above set out, he has lived for twenty-seven years. . . . That he intends to remain permanently in Los Angeles. At no time has he ever considered, or intended to give up his California residence or domicile. He now maintains only one residence at the above described address. He has a residence in no other state than California.''

Defendant's motion to dismiss and plaintiff's motion to reconsider were heard concurrently on February 25, 1959, whereupon the court made its order (1) *granting* plaintiff's motion to reconsider the previous ruling that plaintiff was a nonresident; (2) *denying* plaintiff's motion for an order determining that he was not a nonresident, and (3) submitting defendant's motion to dismiss. On February 27, 1959, the court entered its minute order granting defendant's

motion to dismiss, and on March 12, 1959, a formal judgment of dismissal was entered.

Whether or not plaintiff's absence from California constituted residence out of the state depends initially upon a construction of the phrase "resides out of the state." ▇▇ The words "reside" and "residence" are frequently construed to mean "domiciled" or "domicile." (See cases collected in 37 Words and Phrases 352 et seq.; 16 Cal.Jur.2d 648, Domicile, § 2.) ▇▇ However, the meaning of the words "residence" and "domicile" are often distinguished (see cases collected in 37 Words and Phrases 339 et seq.; 16 Cal.Jur.2d 649, Domicile, § 3), and it is now well settled that "residence" is a term of varying import and its statutory meaning depends upon the context and purpose of the statute in which it is used. (*Smith* v. *Smith*, 45 Cal.2d 235, 239-240 [288 P.2d 497]; *Cal-Farm Insurance Co.* v. *Boisseranc*, 151 Cal.App.2d 775, 781 [312 P.2d 401]; *Harshbarger* v. *Sherron Metallic Corp.*, 179 Misc. 1037 [40 N.Y.S.2d 651, 652]; *In re Jones*, 341 Pa. 329 [19 A.2d 280, 282]; *McGrath* v. *Stevenson*, 194 Wash. 160 [77 P.2d 608, 609]; *People* v. *Owers*, 29 Colo. 535 [69 P. 515, 518].)

Counsel have cited no California decision construing the words "resides out of the state" as used in section 1030 and we have found none. However, there have been several decisions construing section 1522 of the New York Civil Practice Act, a statute very similar to section 1030. We regard these New York decisions as persuasive in the case at bar.

▇▇ As pointed out in *Morek* v. *Smolak*, 282 N.Y.S. 418, 419: "The provisions requiring the giving of security by a person residing without the state, like the provisions authorizing attachment against a nonresident, are based upon the probable difficulty or impracticability of enforcing judicial mandates against persons not dwelling within the jurisdiction of the courts. This underlying reason for the provision as to security for costs must be considered in construing the words 'residing without the state' in the statute. The words 'residence' and 'resident' and 'reside' in statutes have not a uniform meaning. They are to be construed in the light of the context, with consideration of the purpose of the statutory enactment. Restatement of the Law of Conflict of Laws, § 9, and notes thereto; Keenan on Residence and Domicile, § 10 et seq.; Id. §§ 19, 481, 504; *Zenatello* v. *Pons*, 235 App.Div. 221 [256 N.Y.S. 763]; *General Motors Accept-*

*ance Corp.* v. *Barnett,* 142 Misc. 192 [254 N.Y.S. 166].)'' (See also *Harshbarger* v. *Sherron Metallic Corp., supra,* 179 Misc. 1037 [40 N.Y.S.2d 651, 652]; *State of Ohio* ex rel. *Fulton* v. *Saal,* 239 App.Div. 420 [267 N.Y.S. 558, 559].)

▆ In the light of this purpose, the New York courts have held that the words ''residing without the state,'' as used in Civil Practice Act, section 1522, refer to the actual dwelling of the plaintiff and not to any technical legal domicile which he may have. (*Morek* v. *Smolak, supra,* 245 App. Div. 355 [282 N.Y.S. 418, 419-420]; *Harshbarger* v. *Sherron Metallic Corp., supra,* 40 N.Y.S.2d 651, 652; *Jenkins* v. *Bleecker-Thompson Corp.,* 3 Misc.2d 712 [157 N.Y.S.2d 622, 623]. But *cf. Monteiro* v. *St. Just S. S. Co.,* 211 App. Div. 867 [207 N.Y.S. 224], reversing 123 Misc. 8 [204 N.Y.S. 3].) It is our opinion that the purpose of section 1030 of our Code of Civil Procedure is similar, and that such purpose is best subserved by construing the phrase ''resides out of the state'' as referring to actual residence, rather than domicile.

▆ On the basis of the facts stated in plaintiff's own affidavit of November 26, 1958, the court below was justified in finding on December 22, 1958, that plaintiff was at that time a nonresident for the purpose of applying section 1030. This affidavit revealed that ''for the last year or so'' plaintiff and his wife had been living in other states. In *Harshbarger* v. *Sherron Metallic Corp., supra,* 49 N.Y.S.2d 651, a trial judge held that where a plaintiff worked in New York and sublet a furnished room in New York City which he occupied during the week, his actual residence was at a home which he owned in New Jersey and he was therefore a nonresident for purposes of section 1522 of the Civil Practice Act. And in *Jenkins* v. *Bleecker-Thompson Corp., supra,* 157 N.Y.S.2d 622, a case in many respects similar to the case at bar, it was held that where a plaintiff had been living and working in New Jersey for several months, he ''resided without the state'' of New York, despite the fact that he kept a mailing address in New York and claimed an intent to return to New York.

However, in the case at bar the subsequent action of the trial court in granting plaintiff's motion to reconsider the issue as to plaintiff's place of residence necessarily had the effect of vacating and setting at large the court's earlier ruling on this issue. At the time of the rehearing, the only evidence before the court consisted of plaintiff's uncontradicted affidavits stating in substance that although he and his wife

had been temporarily absent, they had returned to California, the state of their long-time domicile, and had reestablished their California residence. Defendant has not pointed to anything in the record which would tend in the slightest degree to contradict plaintiff's testimony that at the time of the ruling under review, and prior thereto, he not only was *domiciled* in California, but also was *residing* and regularly *employed* in California. Accordingly, it must be held that the implied finding upon which the critical ruling is based is wholly without evidentiary support.

In *Rodgers* v. *Horn,* 85 Cal.App.2d 339 [193 P.2d 42], this court affirmed an order which granted plaintiff's motion to set aside an order (made more than six months previously) dismissing the action because of plaintiff's failure to file a cost bond within the 30-day period prescribed by section 1030. In holding that the granting of plaintiff's motion to vacate the order of dismissal was within the limits of sound discretion, this court commented (at p. 347) that: "It is the policy of the law to insure where possible the trial of an action on the merits. (*Burbank* v. *Continental Life Ins. Co.,* 2 Cal.App.2d 664, 667 [38 P.2d 451]; *Security-First Natl. Bank* v. *Superior Court,* 132 Cal.App. 683, 695 [23 P.2d 1055]; *Bried* v. *Superior Court,* 11 Cal.2d 351, 355 [79 P.2d 1091].)"

The judgment of dismissal is reversed.

Fox, P. J., and Ashburn, J., concurred.