Henry A. Hudson, J.
The defendant has moved pursuant to section 1522 of the Civil Practice Act for an order requiring the plaintiff to give security for costs as a person residing without the State. The defendant has submitted in support of the application, proof by affidavit that the plaintiff has a place of residence at 506 South Park Avenue, Hinsdale, Illinois, where he resides with his family; that he registered to vote and voted from that address in June, 1959; that he filed an application for an Illinois driver’s license from that address in June, 1958; that he has given that address as his home address for a number of years for various purposes; that he gave such address when applying for employment in November, 1944; that he has a telephone listed in his name at that address.
The plaintiff does not dispute that he has a residence at 506 Park Avenue, "Hinsdale, Illinois and that he has been employed by either the defendant or a subsidiary or associate company in Illinois for a number of years. The plaintiff in his affidavit claims to be a resident of the State of New York and submits as evidence thereof, that he resided in Onondaga County in 1920 and 1921; that he continued to reside there until 1926 with minor *1017 • exceptions; that he was married in Syracuse in 1923 and that lie joined a lodge in Syracuse in 1920 or 1921 and has remained a member thereof; that he travelled in the employ of the defendant or subsidiaries thereof all over the world retaining the mailing address at 1625 West Genesee Street, Syracuse, New York, which he claims to be his actual, legal residence. He asserts that he maintains quarters for himself and wife and family at 1625 West Genesee Street, which is occupied principally by his wife’s sister and that whenever he is in Syracuse or that vicinity he stays at that address; that he comes to Syracuse at least three or four times a year and stays for a period of two or three weeks; that he has a son in Cornell University who makes his headquarters at that address; that he maintains his bank accounts in the City of Syracuse, New York and has always had his paychecks forwarded to his bank in Syracuse. He has also submitted proof that he has obtained and presently uses a New York State operator’s license giving his address as 1625 West Genesee Street, Syracuse, New York.
The defendant asserts that there is no telephone listed in the plaintiff’s name in Syracuse and this is not disputed. It was conceded upon the argument of the motion that the parties were not so much concerned with security for costs as they were for a determination of the residence of the plaintiff, it being intimated that this might be of material importance in the trial of the action. Obviously this court cannot make a determination as to the legal, technical residence of the plaintiff upon the limited information supplied by the parties in their affidavits. Many of the assertions contained therein are merely opinions of a self-serving nature.
Determination of whether a plaintiff is “A person residing Avithout the state”, as designated in section 1522 (subd. A, par. 1), does not require a determination by the court of the strict, technical, legal domicile. It relates rather to the actual dwelling place of the plaintiff. (Harshbarger v. Sherron Metallic Corp., 179 Misc. 1037; Jenkins v. Bleecker-Thompson Corp., 3 Misc 2d 712; Morek v. Smolak, 245 App. Div. 355; Flaherty v. Cary, 25 App. Div. 195.)
I am, therefore, constrained to hold that the plaintiff is a pert-son residing without the State within the meaning of section 1522 (subd. A, par. 1) of the Civil Practice Act and that the defendant is, therefore, entitled to an order for security for costs as provided in section 1524 of the Civil Practice Act. In so holding, I am not passing upon or determining the technical, legal domicile of the plaintiff. The application is granted, without costs. Order accordingly.