Loew's Incorporated, Plaintiff, *v.* James F. Dorsey, Defendant.

Supreme Court, Special Term, New York County, March 27, 1950.

*Clayton D. Hollinger* for defendant.

*Leopold Friedman* for plaintiff.

Eder, J. Motion to vacate and set aside warrant of attachment is granted.

The warrant of attachment was issued on the sole ground that defendant is a nonresident of the State of New York. The contention of the defendant is that he is now and was at the time of and for a month prior to the date of the issuance of said warrant a resident of this State within the meaning of section 903 of the Civil Practice Act, subject to the jurisdiction and process of the courts of this State.

The defendant formerly resided in California but has not maintained any residence there since June, 1949. Due to the nature of his business, a traveling orchestra leader, his residence has, since that time, depended primarily on his place of employment. It appears that at the present time and since February 6, 1950, he has resided at the Hotel Statler, in New York City, occupying a suite continuously since his engagement at the Hotel Statler, having his clothes and personal effects at that location.

Plaintiff argues that mere temporary physical presence in the State, and availability of service of process, is not of itself sufficient ground for the denial of attachment. It is also contended that defendant's temporarily staying at a hotel for the period of a professional engagement, as his place of residence, may not be sufficient to overcome persuasive facts that point in

an opposite direction. But there is nothing shown, as persuasive, that defendant was a nonresident of New York at the time of the attachment. The converse is shown by the record presented.

The test of residence under the attachment statute is actual place of abode, whether temporary or permanent (*Zenatello* v. *Pons,* 235 App. Div. 221, 225). " Residence " means living in a particular locality; residence simply requires bodily presence in a given place (*Matter of Newcomb,* 192 N. Y. 238); " residence ", as used in section 903 of the Civil Practice Act, means not legal domicile, but actual place of abode or living, either of a temporary or permanent character, at which a service of process may be lawfully made (*Wolf* v. *Minton,* 37 N. Y. S. 2d, 294, 295).

It is clear from the cases on the subject that the test of residence is whether the defendant had a place of abode in this State, temporary or permanent, at the time of the issuance of the attachment.

The record presented establishes that defendant had such place of abode at which service of process could be lawfully made.

The warrant of attachment is vacated. Settle order.