Nathaniel Sorkin, J.
Motion to vacate warrant of attachment is denied. Plaintiff sets forth a prima facie cause of action against defendant Sotto, a nonresident of the State.
Concededly, Sotto is domiciled in and a permanent resident of Pakistan; he arrived in this country on February 2, 1956, as a temporary visitor for his “ own personal affairs and busi *862 ness ”; he was registered at the Hotel Chesterfield in New York during his entire stay in the United States; the warrant of attachment was issued on March 5, 1956, and personally served on Sotto, March 12, 1956; he departed from this country on March 26, 1956.
Such absence from a permanent residence and presence as a transient sojourner at a hotel in New York do not establish the status of resident of New York under the statute which permits attachment where “ the defendant is either a foreign corporation or not a resident of the State ” (Civ. Prac. Act, § 903).
The circumstances of defendant Sotto’s presence in the State differ from that of the defendant Dorsey in the case cited by defendant herein (Loew’s Inc. v. Dorsey, 197 Misc. 1069), wherein Dorsey had no permanent residence and his stay in a New York hotel, though temporary, was his only place of abode at the time of the issuance of the attachment.