EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sucesión José Padrón Padrón, et al.<br><br>Recurridos<br><br>v.<br><br>Cayo Norte, S.E., et al.<br><br>Peticionario<br><br>v.<br><br>Jane Correa; Josefa Teresa Feliciano Padrón, et al.<br><br>Co-demandados | Certiorari<br><br>2004 TSPR 70<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2003-692

Fecha: 7 de mayo de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional VII

Juez Ponente:

Hon. Rafael Martínez Torres

Abogado de la Parte Peticionaria:

Lcdo. Tomás Correa Acevedo

Abogado de la Parte Recurrida:

Lcdo. Vance Thomas

Materia: Nulidad de Sentencia

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sucesión José Padrón Padrón,
*et al.*
      Recurridos

            v.

Cayo Norte, S.E., *et al.*
      Peticionario                    CC-2003-0692      Certiorari

            v.

Jane Correa; Josefa Teresa
Feliciano Padrón, *et al.*
      Co-Demandados

PER CURIAM

San Juan, Puerto Rico, a 7 de mayo de 2004.

Nos corresponde aclarar el alcance de lo resuelto por este Tribunal en *Vaillant v. Santander*, 147 D.P.R. 338 (1998), a los fines de establecer cuándo procede eximir a un litigante de cumplir con lo dispuesto por la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.69.5, relativo a la obligación de un demandante no residente de prestar fianza como condición a presentar su reclamación judicial.

I

El 8 de julio de 2002, los integrantes de la Sucesión de don José Padrón Padrón (en adelante,

"Sucesión Padrón") presentaron una moción de relevo de sentencia ante el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "TPI"). Mediante dicha comparecencia alegaron ser los verdaderos dueños de una propiedad cuyo título ostenta la aquí peticionaria Cayo Norte S.E. (en adelante, "Cayo Norte"), y reclamaron la nulidad por fraude al tribunal de una sentencia dictada a favor de esta última, relacionada con el mismo inmueble.[1]

Tras varios incidentes procesales, Cayo Norte advino en conocimiento de que tres de los nueve demandantes no eran residentes de Puerto Rico, por lo que solicitaron al TPI que les impusiera una fianza de no residente, al amparo de la Regla 69.5, *supra*. Asimismo, Cayo Norte presentó una moción en solicitud de sanciones al amparo de la Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III., R.9, por entender que el abogado de la Sucesión Padrón había representado falsamente al tribunal que ninguno de los codemandantes residía fuera de Puerto Rico.

El TPI le concedió a la Sucesión Padrón un término de diez (10) días para que replicara a la solicitud de fijación de fianza de no residente y la alertó para que examinara lo resuelto por este Tribunal en *Vaillant v. Santander*, 147 D.P.R. 338 (1998). Dicha parte presentó

---

[1] El inmueble en cuestión es el islote conocido como Cayo Norte, localizado en las inmediaciones de la Isla Municipio de Culebra, Puerto Rico.

oportunamente una moción solicitando que se les eximiera de la obligación de prestar la fianza dispuesta en la Regla 69.5 de Procedimiento Civil, *supra*, conforme a lo resuelto en *Vaillant*, *supra*. Mediante orden notificada el 2 de mayo de 2003, el TPI eximió a la Sucesión Padrón del pago de la fianza. Posteriormente, dicho foro emitió una orden declarando sin lugar la solicitud de sanciones.

El 19 de mayo de 2003, Cayo Norte acudió al entonces Tribunal de Circuito de Apelaciones (en adelante, "TCA") y alegó que erró el TPI al eximir a la Sucesión Padrón de tener que prestar fianza de no residente, y al no imponerle sanciones a sus abogados por alegadas manifestaciones falsas en el pleito referentes al domicilio de algunos co-demandantes. Mediante Resolución de 16 de junio de 2003, el TCA denegó el recurso presentado. Oportunamente, Cayo Norte presentó una moción de reconsideración, la cual fue declarada no ha lugar.

Inconforme, el 4 de septiembre de 2003, Cayo Norte presentó ante este Tribunal una Petición de *Certiorari*, formulando los siguientes señalamientos de error:

> **Primer Error: Erró el Tribunal de Apelaciones [sic] al no ordenar que se impusieran sanciones a la representación legal de la parte recurrida, a pesar de haber violentado intencionalmente la Regla 9 de las de Procedimiento Civil, al darle información falsa al Tribunal de Primera Instancia.**

**Segundo Error: Erró el Tribunal de Circuito de Apelaciones al confirmar una determinación del T.P.I. que eximió a los demandantes no residentes del requisito mandatorio de prestación de fianza que impone la Regla 69.5 de Procedimiento Civil, interpretando erróneamente lo resuelto por este Tribunal Supremo en <u>Vaillant Valenciano v. Santander</u>, 147 D.P.R. 338 (1998), con la consecuencia de desarticular la exigencia mandatoria de la citada Regla 69.5.**

El 19 de septiembre de 2003, la Sucesión Padrón presentó un escrito en oposición a la petición de certiorari. El 27 de octubre de 2003, emitimos una Resolución mediante la cual le concedimos a la Sucesión Padrón un término de veinte (20) días para que mostrara causa por la cual no debemos revocar la Resolución emitida por el TCA y requerirle que satisfagan la fianza de no residentes exigida por la Regla 69.5 de Procedimiento Civil, *supra*. El 29 de octubre de 2003, la Sucesión Padrón presentó un *Escrito Aclaratorio e Informativo*; sin embargo, no surge de autos que haya atendido directamente lo ordenado en la Resolución de 27 de octubre de 2003.

Estando en posición de resolver, procedemos a así hacerlo.

II

Cayo Norte alega que actuó incorrectamente el TCA al eximir a los demandantes de la prestación de fianza de no residente, en virtud de una interpretación imprecisa del caso *Vaillant v. Santander*, *supra*. Aducen que nuestra decisión en ese caso se dio dentro de

las "circunstancias específicas" de aquellos hechos, en donde los codemandantes eran condueños de un inmueble sito en Puerto Rico, el cual podía responder por las costas, gastos y honorarios de abogados que pudieren recaer sobre ellos. Es decir, Cayo Norte sugiere que las circunstancias de *Vaillant* son fundamentalmente diferentes a las del presente caso, por lo que no debemos extender la exención allí reconocida a la situación de autos. No le asiste la razón.

La Regla 69.5 de Procedimiento Civil, *supra*, lee de la siguiente manera:

> [c]uando el demandante residiere fuera de Puerto Rico o fuere una corporación extranjera, se le requerirá para que preste fianza ***para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado.*** Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil ($1,000.00) dólares. El tribunal podrá ordenar que se preste fianza adicional si se demostrare que la fianza original no es garantía suficiente, y se suspenderán los procedimientos en el pleito hasta que se hubiere prestado dicha fianza adicional....(énfasis suplido).

Al interpretar la citada Regla, hemos expresado que la misma pretende proteger los intereses del demandado, toda vez que éste podría afrontar serios inconvenientes al intentar recobrar las partidas por costas, gastos y honorarios fuera de nuestra jurisdicción. *Reyes v. Oriental Federal Savings*, 133 D.P.R. 15 (1993); *Blatt & Udell v. Core Cell*, 110 D.P.R. 142, 146 (1980). La Regla

mencionada tiene, además, el propósito de desalentar los litigios frívolos y carentes de mérito. *Vaillant v. Santander*, *supra*, a la pág. 348; *Reyes v. Oriental Federal Savings*, *supra*. También hemos resuelto que es incuestionable el carácter mandatorio de la fianza en ella dispuesta, ya que ésta es taxativa al señalar que cuando el demandante residiere fuera de Puerto Rico "se le requerirá" que la satisfaga. *Id.*, a la pág. 347. Es decir, el lenguaje utilizado en la Regla limita la discreción del juez sentenciador para eximir al demandante no residente del pago de la misma. *Id.*

No obstante, en oportunidades anteriores hemos reconocido excepciones a la aplicación inflexible y automática de dicha Regla, ya que bajo ciertas circunstancias dicho mandato limitaría injustamente el derecho de muchos demandantes a acceder a los tribunales de justicia. A ese tenor, en *Molina v. C.R.U.V.*, 114 D.P.R. 295, 298 (1983), resolvimos que procedía eximir del cumplimiento con la Regla 69.5, *supra*, a aquellos demandantes indigentes no residentes que demostraren que su razón de pedir puede tener méritos.[2]

Asimismo, en el reciente caso de *Vaillant v. Santander*, *supra*, se nos planteó si procedía la

---

[2] Elaborando sobre esa postura, en *Reyes v. Oriental Federal Savings*, *supra*, a la pág. 21, señalamos que para que una persona pueda ser acreedora de los beneficios de indigencia, su condición no tiene que rayar en el extremo de absoluta pobreza; basta que demuestre la imposibilidad real de no poder sufragar la cuantía de la fianza.

aplicación de la Regla 69.5, *supra*, cuando el litigio se entabló para proteger una propiedad sita en Puerto Rico, uno de los codemandantes era residente de la Isla y dueño del cincuenta por ciento (50%) del inmueble en controversia, y los dos demandantes no residentes eran hijos de la demandante residente y condueños de la propiedad.  En esa ocasión resolvimos que:

> la finalidad de una fianza de demandante no residente consiste en evitar los pleitos frívolos y garantizar el pago de las costas, los gastos y los honorarios de abogado a los que pudiere ser condenado el demandante que se encuentra fuera de nuestra jurisdicción. De lo contrario, el demandado podría enfrentar múltiples dificultades a la hora de intentar recuperarlos.  Sin embargo, **en este caso no se justifica la imposición de la fianza debido a que la demandante residente, quien es la propietaria mayoritaria del inmueble sito en esta jurisdicción, respondería solidariamente por las costas, los gastos y los honorarios de abogado**.

> Exigir la prestación de la fianza de no residente de acuerdo con estas circunstancias le impondría a la parte demandante residente la injusta y onerosa obligación de prestar una fianza como condición para litigar donde reside... *Vaillant v. Santander*, *supra*, a la pág. 348.

En esencia, razonamos en *Vaillant* que, dado que la copropietaria mayoritaria del inmueble residía en Puerto Rico, y que ésta respondería solidariamente por las costas, gastos, y honorarios de abogado, **no se derrotaba el propósito de la Regla al eximir a dicha parte de su cumplimiento**.

El desarrollo jurisprudencial aquí reseñado demuestra nuestra clara inclinación por interpretar la Regla 69.5, *supra*, de manera que, primeramente, se satisfaga el propósito fundamental de proteger al demandado de los inconvenientes de tener que cobrar las partidas por costas y honorarios de abogados fuera de nuestra jurisdicción, y segundo, que se faculte el acceso a los tribunales a litigantes con reclamos meritorios.

En el caso de autos, el TCA entendió que no había que prestar fianza de no residente toda vez que seis de los demandantes residen en Puerto Rico y por tanto, podrían responder solidariamente por las costas, gastos y honorarios de abogado que pudieran imponerse a todos los demandantes.[3]  Estamos de acuerdo con el criterio esbozado por ese foro.  Si atendemos la realidad del presente caso, observamos que el fundamento principal que guió nuestra decisión en *Vaillant*, *supra*, está también presente en el de marras; esto es, la posibilidad que tiene el demandado de cobrar las costas y honorarios de abogados—en caso de que así proceda— sin la inconveniencia de dirigirse contra litigantes que no residen dentro de nuestra jurisdicción.

Contrario a lo que alega Cayo Norte, el hecho de que en el presente caso los codemandantes no prevalezcan en su reclamo como dueños del inmueble en controversia,

---

[3] *Véase* Apéndice, a la pág. 3.

no distingue fatalmente a éste de *Vaillant*. Nos resulta poco práctico que siendo seis de los nueve miembros de la Sucesión Padrón residentes de Puerto Rico, se les requiera a los otros tres que no lo son prestar fianza como condición a que se ventile su caso en los tribunales locales. Ciertamente, en caso de los demandantes perder su reclamación, la parte demandada (Cayo Norte) puede recobrar las costas y honorarios de abogados (de ser procedentes) de cualquiera de los seis codemandantes que residen en Puerto Rico, según lo permite el Artículo 1097 del Código Civil.[4] Estos seis, a su vez, pueden repetir contra los tres no residentes mediante la acción de nivelación dispuesta en el Artículo 1098 de ese cuerpo legal.[5] *Puerto Rico Fuels,*

---

[4] 31 L.P.R.A § 3108. Acciones contra deudores solidarios

El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo.

[5] 31 L.P.R.A. § 3109. Pago por uno de los deudores solidarios

El pago hecho por uno de los deudores solidarios extingue la obligación.

El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo.

La falta de cumplimiento de la obligación por insolvencia del deudor solidario será suplida por sus codeudores a prorrata de la deuda de cada uno.

*Inc. v. Empire Gas Co.,Inc.*, 149 D.P.R. 691, 712 (1999);
*Ramos v. Caparra Dairy, Inc.*, 116 D.P.R. 60, 64 (1985);
*Security Insurance Co. v. Tribunal Superior*, 101 D.P.R.
191 (1973); *García v. Gobierno de la Capital*, 72 D.P.R.
138 (1951).  Por consiguiente, el interés de proteger a
la parte demandada—esencia de la Regla 69.5, *supra*— se
salvaguarda sin necesidad de requerir la fianza.  Al
mismo tiempo, se le permite acceso al tribunal a los
seis demandantes residentes en Puerto Rico.

Al igual que intimamos en *Vaillant*, *supra*, la
decisión que hoy emitimos en modo alguno debe
interpretarse como derogatoria de la Regla 69.5, *supra*.
Estando vigente dicha Regla con su lenguaje mandatorio,[6]
los jueces no tienen la potestad de eximir de su
cumplimiento, fuera de las circunstancias que, **sin
menoscabar el espíritu de la Regla**, aceptamos hoy y en
*Vaillant*, *supra*.  Indudablemente, las circunstancias que
hoy se nos presentan son esencialmente similares a las
reconocidas en ese último caso.

---

[6] En *Molina v. C.R.U.V.*, *supra*, a la pág. 297, este
Tribunal declinó expresarse sobre la constitucionalidad
de la citada Regla ante un ataque bajo el debido proceso
de ley y la igual protección de la leyes.

En *Vaillant v. Santander*, *supra*, a la pág. 346,
sostuvimos la constitucionalidad de la Regla 69.5,
*supra*, ante un cuestionamiento bajo el derecho
constitucional a viajar.  Explicamos en esa ocasión que
la carga incidental sobre los desplazamientos
interestatales que representa el pago de una fianza al
demandante no residente, a lo sumo, constituye una
limitación mínima e indirecta a la libertad de viajar
dentro del ámbito interestatal.

Por los fundamentos que anteceden, se confirma el dictamen recurrido.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Sucesión José Padrón Padrón,
*et al.*
        Recurridos

                v.

Cayo Norte, S.E., *et al.*
        Peticionario              CC-2003-0692        Certiorari

                v.

Jane Correa; Josefa Teresa
Feliciano Padrón, *et al.*
        Co-Demandados


SENTENCIA


San Juan, Puerto Rico, a 7 de mayo de 2004.


        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se confirma el dictamen recurrido.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.


                        Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo