EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Enrique M. Yero Vicente<br><br>Peticionario<br><br>v.<br><br>Nimay Auto Corp. y otros<br><br>Recurrida | Certiorari<br><br>2020 TSPR 100<br><br>205 DPR _____ |

Número del Caso:  CC-2019-685

Fecha:  9 de septiembre de 2020

Tribunal de Apelaciones:

      Región Judicial de Caguas

Abogados de la parte peticionaria:

      Lcdo. Víctor M. Rivera Torres
      Lcdo. Víctor M. Rivera Ríos

Materia:  Procedimiento Civil: Lo determinante para la aplicación de la fianza de no residente dispuesta en la Regla 69.5 de Procedimiento Civil, es la residencia del reclamante durante el pleito y no su domicilio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enrique M. Yero Vicente

    Peticionario

        v.

Nimay Auto Corp. y otros

    Recurrida

CC-2019-0685

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 9 de septiembre de 2020.

Nos corresponde determinar si procede imponerle el pago de la fianza de no residente dispuesto en la Regla 69.5 de Procedimiento Civil, infra, a un demandante que alega que su domicilio es Puerto Rico, pero es residente del estado de Florida. Respondemos en la afirmativa toda vez que lo determinante para la aplicación de la fianza de no residente es la residencia del reclamante durante la pendencia del pleito y no su domicilio. Por esa razón, revocamos el dictamen recurrido.

I

El señor Enrique M. Yero Vicente presentó una demanda sobre daños y perjuicios contra *Nimay Auto*

*Corp.* (en adelante, "Nimay"), su entidad aseguradora y otras personas. Después de varios años e incidentes procesales, como parte del descubrimiento de prueba, se tomó la deposición de la Sra. Iría C. Rivera Meléndez, compañera del señor Yero Vicente, a quien él pretende traer como testigo en el juicio. Ella declaró que reside en el estado de Florida junto al señor Yero Vicente y la hija de ambos. Explicó que se trasladaron a Kissimmee para que ella pueda recibir un tratamiento médico que no tiene disponible en Puerto Rico y el cual desconoce cuándo puede terminar. Añadió que el señor Yero Vicente trabaja a tiempo completo para una compañía en Orlando.

Tras advenir en conocimiento de esto, Nimay presentó una moción en la que le solicitó al foro primario que le ordenara al señor Yero Vicente cumplir con el pago de la fianza de no residente impuesta por la Regla 69.5 de Procedimiento Civil, <u>infra</u>. En su oposición a la petición, el señor Yero Vicente sostuvo que la condición de salud de su compañera es seria y alegó que su estadía fuera de Puerto Rico es solo temporal, pues regresará una vez termine el tratamiento médico que recibe su compañera. Aseguró que, aunque reside temporalmente en Florida, su domicilio es en Puerto Rico.

El foro primario denegó fijar la fianza de no residente solicitada. En desacuerdo, Nimay recurrió al Tribunal de Apelaciones mediante recurso de <u>certiorari</u>. Planteó que el señor Yero estableció su residencia en

Florida y por ello procede imponerle el pago de una fianza de no residente. El foro apelativo intermedio denegó expedir el auto de certiorari y señaló que "[e]xigir fianza de no residente ante una ausencia temporal por tratamiento médico y cuando el caso está listo para ir a juicio es una dilación innecesaria de los procedimientos". Ap. Cert., pág. 157.

Inconforme, Nimay presentó una petición de certiorari ante nos. En síntesis, señaló que el Tribunal de Apelaciones erró al no fijar la fianza de no residente al señor Yero Vicente, toda vez que él reside en el estado de Florida. Asimismo, indicó que el foro apelativo intermedio erró al resolver la controversia basándose en cuál es el domicilio del reclamante, a pesar de que la Regla 69.5 de Procedimiento Civil hace referencia a la residencia del demandante.

Expedido el auto y con el recurso sometido en los méritos, procedemos a resolver.

## II

El propósito primordial de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, es garantizar las costas, gastos y honorarios de abogado en pleitos en los que el reclamante es una persona natural no residente o una corporación extranjera. Reyes Martínez v. Oriental Fed. SAv. Bakn, 133 DPR 15, 20 (1983). De otra forma, podría resultar difícil para el demandado recobrar esas partidas fuera de nuestra jurisdicción territorial. Íd.

Vaillant v. Santander Mortgage Corp., 147 DPR 338 (1988);

Pereira v. Reyes de Sims, 126 DPR 220 (1990). Esto guarda

relación con otro propósito legítimo: desalentar pleitos

frívolos e inmeritorios. Pereira v. Reyes de Sims, Íd.;

Blatt & Udell v. Core Cell, 110 DPR 142 (1980).

La Regla 69.5 lee:

**Regla 69.5. De no residentes**

Cuando la **parte reclamante resida fuera de Puerto Rico** o sea una corporación extranjera, **el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada.**
. . . .
Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
(a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o
(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. 32 LPRA Ap. V, R. 69.5. (énfasis suplido).

Además, la Regla 69.6 de Procedimiento Civil, 32

LPRA Ap. V, reconoce que tampoco será necesario prestar

fianza en las siguientes circunstancias:

(a) Al Estado Libre Asociado de Puerto Rico, a sus funcionarios(as) en su carácter

oficial, a las corporaciones públicas o a las corporaciones municipales;
    (b) a ninguna parte en un pleito de divorcio, de relaciones de familia o sobre bienes gananciales, a menos que el tribunal disponga lo contrario en casos meritorios;
    (c) en reclamaciones de alimentos cuando el tribunal así lo ordene, y
    (d) cuando se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación.

Como vemos, las reglas establecen expresamente los escenarios en los que se rechaza el requerimiento automático de una fianza al reclamante no residente.

Ahora bien, debemos atender quién es un "no residente" según la Regla 69.5, supra. En PPD v. Admor. Gen. de Elecciones, 111 DPR 199, 248 (1981), expresamos que el concepto "domicilio" se suele confundir con el de "residencia", particularmente en el lenguaje popular, y en ocasiones se advierte una analogía errónea en el lenguaje legal. El tratadista Vázquez Bote explica que el domicilio es "el lugar de residencia habitual en que efectivamente se está y se quiere estar". E. Vázquez Bote, Concepto del domicilio en el Derecho puertorriqueño, 61 Rev. Jur. U.P.R. 25, 50 (1992). En cambio, **la residencia es "el lugar en que una persona se encuentra, durante más o menos tiempo, accidental o incidentalmente, sin intención de domiciliarse".** Íd. (énfasis nuestro). Véase, además: S.L.G. Solá-Maldonado v. Bengoa Becerra, 182 DPR 675, 688 (2011).

Sobre la Regla 69.5, el tratadista José A. Cuevas Segarra apunta que **"[e]l requisito de la regla se**

**extiende a aquellos litigantes que no son residentes durante la pendencia del pleito. El criterio no es domicilio ni ciudadanía**". J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., Publicaciones JTS, 2011, T. V, pág. 1932. (énfasis suplido; citas omitidas). Cuevas Segarra añade: "**si el demandante cambia su condición de residente durante el trámite del pleito y se convierte en no residente, debe prestar fianza de no residente**". Íd. (énfasis nuestro).

El mismo tratamiento se ha ofrecido en California, de donde proviene nuestra Regla 69.5. Véase Molina v. CRUV, 114 DPR 295, 304 (1983) (Opinión Concurrente del Juez Asociado señor Irizarry Yunqué). Como sabemos, en 1904 Puerto Rico copió su código procesal civil del de California, para así adoptar lo que conocemos hoy como el Código de Enjuiciamiento Civil. Véase, Ponsa Feliú, Comentarios sobre las nuevas reglas de procedimiento civil, Colegio de Abogados de P.R., San Juan P.R., 1958, pág. 4. La actual Regla 69.5 de Procedimiento Civil cubre en parte lo que disponían los Arts. 342 y 343 del Código de Enjuiciamiento Civil. Véase, Anteproyecto de Reglas de Enjuiciamiento Civil para el Tribunal General de Justicia (1954).

Por tanto, es prudente conocer la interpretación que se ha brindado a este asunto en California por su carácter persuasivo. Cuando adoptamos una norma de otra jurisdicción, es importante atender su bagaje jurídico y

la jurisprudencia interpretativa de esa norma. En palabras del profesor Farinacci Fernós, "las decisiones que interpretan la norma importada son altamente indicativas de su contenido normativo". J. Farinacci Fernós, Hermenéutica puertorriqueña: Cánones de interpretación jurídica, Ed. InterJuris, 2020, pág. 152.

En Myers v. Carter, 178 C.A. 2d 622, 625-626, 3 Cal. Rptr. 205 (1960), se resolvió que la Sec. 1030 del Código de California, que establece el requisito de fianza a no residentes, aplica a un domiciliado ausente del estado, aunque sea de forma temporera. En sus palabras, "*the purpose of section 1030 of our Code of Civil Procedure ... is best subserved by construing the phrase 'resides out of the State' as referring to actual residence, rather than domicile*". Véase, además: Molina v. CRUV, supra, pág. 304 (Opinión Concurrente del Juez Asociado señor Irizarry Yunqué). Asimismo, apoyándose en la interpretación de los tribunales de New York, se añadió: "*the words 'residing without the state' ... refer to the actual dwelling of the plaintiff and not to any technical legal domicile which he may have*". Íd. (citando a Morek v. Smolak, 245 App.Div. 355, 282 N.Y.S. 418, 419-420 (1935)).

La Sec. 1030 del Código de Procedimiento Civil de California, ha sufrido varias modificaciones para ajustarse a las normas constitucionales del debido proceso de ley. Véase, Alshafie v. Lallande, 171 Cal.App.

4th 421, 428-29 (2009). Sin embargo, el requisito de la fianza no residente sigue vigente así como la finalidad detrás de la adopción de la Regla.

Por otra parte, como establecimos en Vaillant Valenciano v. Santander, supra, pág. 347, "[e]s incuestionable el carácter mandatorio de la fianza dispuesta en la Regla 69.5 de Procedimiento Civil, supra, ya que ésta es taxativa al señalar que '[c]uando el demandante residiere fuera de Puerto Rico ... se le requerirá para que preste fianza para garantizar las costas, gastos y honorarios de abogados en que pudiere ser condenado". Además, cabe destacar que al substituir el Art. 343 del antiguo Código de Enjuiciamiento Civil por la Regla 69.5, uno de los cambios más significativos fue que se substituyó la forma potestativa ("el juez **puede ordenar** el sobreseimiento") por la imperativa ("el tribunal **ordenará** la desestimación del pleito") (énfasis suplido). Véanse, Bram v. Gateway Plaza, Inc., 103 DPR 716 (1975); Planned Credit of P.R., Inc. v. Page, 103 DPR 245 (1975). Este mismo lenguaje potestativo se preserva bajo las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V. Por lo tanto, según la Regla 69.5, un tribunal no tiene discreción para eximir del requisito de fianza a un demandante no residente o a una corporación extranjera.

III

El señor Yero Vicente alega que tiene la intención de regresar a Puerto Rico una vez la condición de su

compañera lo permita y que por eso está domiciliado en Puerto Rico. Ante esto, aduce que no corresponde que se le ordene pagar la fianza de no residente que la Regla 69.5, supra, requiere. Por su parte, Nimay alega que el señor Yero Vicente estableció su residencia en el estado de Florida, toda vez que vive allí con su familia, trabaja a tiempo completo y desconoce la fecha en que cesará el tratamiento médico de su compañera y cuándo volverá a Puerto Rico. Basándose en esos hechos, insiste que procede el cumplimiento de lo establecido en la Regla 69.5, supra, por ser de carácter mandatorio. Tiene razón.

Como expresamos anteriormente, la finalidad de una fianza de demandante no residente consiste en evitar los pleitos frívolos y garantizar el pago de las costas, los gastos y los honorarios de abogado a los que pudiere ser condenado el demandante que se encuentra fuera de nuestra jurisdicción. Ciertamente, la ausencia de un litigante de nuestra jurisdicción presenta un grave inconveniente de inaccesibilidad a los fines de hacer efectivo el recobro de estas partidas.

Como observamos, de la interacción de las Reglas 69.5 y 69.6 es razonable concluir que la fianza de no residente no es absoluta e imperativa en todo caso. Hemos visto que existen varias entidades y personas que están expresamente exentas de su aplicación. Sin embargo, no surge de las alegaciones ni del expediente del caso que

al señor Yero Vicente le aplique alguna de las excepciones contempladas en las reglas.

Tan pronto Nimay advino en conocimiento de que el señor Yero Vicente residía fuera de Puerto Rico, solicitó la imposición de la fianza de no residente con el fin de asegurar las garantías que ofrece la Regla 69.5, supra, cuya imposición no es de carácter discrecional. Independientemente de la intención del señor Yero Vicente de regresar a Puerto Rico en algún momento, este **no** es residente de la Isla. En consecuencia, no puede escapar el requisito de fianza de no residente por el hecho de estar domiciliado en Puerto Rico. Resolver lo contrario implicaría frustrar los principios que produjeron la norma. Después de todo, lo que las reglas exigen es una fianza de no-residente, no una fianza de no-domiciliado.

## IV

Conforme con lo anterior, revocamos la determinación del Tribunal de Apelaciones. Así pues, devolvemos el caso al Tribunal de Primera Instancia para que se ordene el pago de la fianza de no residente al señor Enrique M. Yero Vicente como condición para que continúen los procedimientos, conforme con lo aquí resuelto.

Se dictará Sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Enrique M. Yero Vicente

     Peticionario

        v.

Nimay Auto Corp. y otros

     Recurrida

CC-2019-0685

SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2020.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, revocamos la determinación del Tribunal de Apelaciones. Así pues, devolvemos el caso al Tribunal de Primera Instancia para que se ordene el pago de la fianza de no residente al señor Enrique M. Yero Vicente como condición para que continúen los procedimientos, conforme con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Estrella Martínez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Enrique M. Yero Vicente

    Recurrido

      v.

                                CC-2019-0685

Nimay Auto Corp. y otros

    Peticionario


RESOLUCIÓN


En San Juan, Puerto Rico, a 16 de septiembre de 2020.

Se enmienda *nunc pro tunc* nuestra Opinión y Sentencia de 9 de septiembre de 2020 a los únicos fines de hacer constar que la identificación correcta de las partes en el epígrafe es que la parte peticionaria es Nimay Auto Corp. y la parte recurrida Enrique M. Yero Vicente.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                      José Ignacio Campos Pérez
                Secretario del Tribunal Supremo