Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| GLADYS A. RODRÍGUEZ<br><br>Recurrida<br><br>v.<br><br>COLEGIO NUESTRA SEÑORA DEL CARMEN, INC.<br><br>Peticionaria | TA2025CE00860 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Civil Núm.: CFDP2010-0022<br><br>Sobre: Daños |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece ante nos la parte peticionaria, Colegio Nuestra Señora del Carmen Inc., mediante el recurso de epígrafe y nos solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Hatillo, el 1 de octubre de 2025, la cual fue notificada el día 3 del mismo mes y año. Mediante esta, el foro primario declaró No Ha Lugar la *Moción Fianza de No Residente al Amparo de la Regla 69.5* presentada por la parte peticionaria.

Asimismo, el 8 de diciembre de 2025, la parte peticionaria presentó una *Moción de Auxilio de Jurisdicción,* a los fines de solicitar la paralización de los procesos ante el foro primario hasta tanto se resuelva el recurso presentado. Tras considerar la solicitud de paralización, el 9 de diciembre de 2025, este Foro notificó una *Resolución,* declaramos Ha Lugar la *Moción de Auxilio de Jurisdicción* y ordenamos la paralización de los procesos ante el foro *a quo.*

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se confirma la *Orden* recurrida. En mérito

de lo anterior, se deja sin efecto la orden de paralización emitida y notificada el 9 de diciembre de 2025.

## I

El 16 de julio de 2010, Gladys A. Rodríguez y los demás codemandantes de epígrafe (en conjunto, parte recurrida), quienes son padres, estudiantes y exalumnos del Colegio Nuestra Señora del Carmen Inc. (Colegio o parte peticionaria) instaron una *Demanda* en contra de la parte peticionaria, el Padre Fernando Morell Domínguez (padre Morell Domínguez) y la Iglesia Católica, Diócesis de Arecibo (Diócesis). Más tarde, el 24 de septiembre de 2010, la parte recurrida presentó una *Demanda Enmendada*.

En esencia, alegaron que el Colegio había incumplido con su propio Reglamento y con el contrato que entonces regía la relación entre las partes. En específico, particularizaron que el padre Morell Domínguez, director del Colegio, actuó en contra de los preceptos que rigen a la institución al suspender la graduación de cuarto año de la clase de 2010. Como remedio, la parte recurrida peticionó una indemnización en concepto de daños económicos por el cobro indebido de una cuota de edificación y mantenimiento. A su vez, solicitó el desembolso de parte de los dineros que los suplidores pagaron al Colegio. Así también, reclamó una indemnización en concepto de angustias mentales y daños emocionales, y argumentó que la Diócesis es solidariamente responsable de los daños ocasionados.

En respuesta, el 23 de mayo de 2011, el Colegio, el padre Morell Domínguez y la Diócesis, presentaron en conjunto una *Contestación Demanda Enmendada Conforme Orden del 9 de mayo de 2011 y Reconvención*. En la reconvención, solicitaron un remedio en daños por ciertas expresiones presuntamente difamatorias vertidas por la parte recurrida.

Tras varios trámites procesales, el 28 de agosto de 2025, el Colegio presentó una *Moción Fianza de No Residente al Amparo de la Regla 69.5*. En esta, indicó que al menos dos (2) de los recurridos residen fuera de Puerto Rico. Consecuentemente, y en virtud de la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, solicitó se imponga una fianza de no residente ascendente a $20,000.00 por cada uno de ellos.

Por su parte, el 11 de septiembre de 2025, la parte recurrida presentó una *Moción de Réplica a Moción Solicitando Fianza de no Residente al Amparo de la Regla 69.5*. Mediante esta, se opuso a la petición de imposición de fianza promovida por el Colegio. Como fundamento, aseveró esencialmente que la Regla 69.5 de Procedimiento Civil, *supra*, es contraria a varios derechos constitucionales. Además, arguyó que, al comienzo del presente litigio, todos los recurridos residían en Puerto Rico. Sobre el particular, sostuvo que ha sido debido a las prácticas dilatorias de la parte peticionaria que el pleito se ha extendido durante más de quince (15) años. Asimismo, alegó que, en la actualidad, dieciocho (18) de los veinte (20) recurridos residen en Puerto Rico, por lo que es probable que la parte peticionaria pueda recobrar las costas, gastos y honorarios de abogado que pudiesen imponerse en su día.

Evaluadas ambas posturas, el 1 de octubre de 2025, el foro primario emitió la *Orden* recurrida, la cual fue notificada el día 3 del mismo mes y año. Mediante esta, declaró No Ha Lugar la *Moción Fianza de No Residente al Amparo de la Regla 69.5*.

Oportunamente, el 13 de octubre de 2025, el Colegio solicitó reconsideración. Evaluada dicha solicitud, el foro *a quo* la declaró No Ha Lugar, mediante una *Orden* emitida el 3 de noviembre de 2025, notificada al día siguiente.

Aun inconforme, el 4 de diciembre de 2025, el Colegio presentó el recurso de epígrafe, en el que señaló que el foro primario cometió el siguiente único error:

> Erró el Honorable Tribunal de Primera Instancia al no requerir fianza a los demandantes no residentes en Puerto Rico, según establecido por la Regla 69.5 de Procedimiento Civil.

Posteriormente, el 8 de diciembre de 2025, el Colegio presentó una *Moción de Auxilio de Jurisdicción*. Ello, a los fines de solicitar la paralización de los procesos ante el foro primario hasta tanto se resolviera el recurso presentado.

Así las cosas, el 9 de diciembre de 2025, este Foro notificó dos resoluciones. En la primera, le concedimos a la parte recurrida un término de diez (10) días para mostrar causa por la cual no debamos expedir el recurso presentado y revocar la determinación recurrida. En la segunda, declaramos Ha Lugar la *Moción de Auxilio de Jurisdicción* y ordenamos la paralización de los procesos ante el foro *a quo*.

El 11 de diciembre de 2025, la parte recurrida presentó una *Oposición a Certiorari Civil*. Mediante dicha comparecencia, reclamó la aplicabilidad de la doctrina establecida por el Tribunal Supremo en *Vaillant v. Santander*, 147 DPR 338 (1998) y *Sucesión Padrón v. Cayo Norte*, 161 DPR 761 (2004).[1]

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

## II

### A

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

---

[1] En específico, aludió a las siguientes expresiones del Alto Foro: "Si atendemos la realidad de este caso, observamos que el fundamento principal que guio nuestra decisión en Vaillant v. Santander [...] está también presente en el de marras; esto es, la posibilidad que tiene el demandado de cobrar las costas y los honorarios de abogado -en caso de que así proceda- sin la inconveniencia de dirigirse contra litigantes que no residen dentro de nuestra jurisdicción". *Sucesión Padrón v. Cayo Norte*, 161 DPR 761, 768 (2004).

decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados, Inc.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008) [2] Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por tanto, de los factores esbozados "se deduce que el foro apelativo

---

[2] Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera Gómez v. Arcos Dorados, Inc.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

En las Reglas de Procedimiento Civil, las fianzas personales se encuentran codificadas en la Regla 69, 32 LPRA Ap. V, R. 69. Específicamente, la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, versa sobre la fianza de no residentes, cuyo propósito es garantizar las costas, los gastos y los honorarios de abogado en pleitos en los que el reclamante sea una persona natural no residente en Puerto Rico. *Yero Vicente v. Nimay Auto*, 205 DPR 126, 130 (2020); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 20 (1983). Ello, debido a que, podría resultar difícil para la parte afectada recobrar esas partidas fuera de nuestra jurisdicción. *Yero Vicente v. Nimay Auto*, supra; *Vaillant v. Santander*, 147 DPR 338 (1988). La referida disposición reza como sigue:

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. [...]

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;

(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o

(c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

32 LPRA Ap. V, R. 69.5.

Además de las instancias antes citadas que se contemplan en la Regla 69.5, *supra*, la Regla 69.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.6, sobre "cuándo no se exigirá fianza", contempla varios supuestos de excepción al requerimiento de prestar fianza de no residentes. La referida regla dispone lo siguiente:

No se exigirá prestación de fianza:

(a) al Estado Libre Asociado de Puerto Rico, a sus funcionarios o funcionarias en su carácter oficial, a las corporaciones públicas o a las corporaciones municipales;

(b) a ninguna parte en un pleito de divorcio, de relaciones de familia o sobre bienes gananciales, a menos que el tribunal disponga lo contrario en casos meritorios;

(c) en reclamaciones de alimentos cuando el tribunal así lo ordene, y

(d) cuando se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación.

32 LPRA Ap. V, R. 69.6.

Como norma general, y de conformidad con lo dispuesto en la Regla 69.5 de Procedimiento Civil, *supra*, un tribunal no tiene discreción para eximir del requisito de fianza a un demandante no residente. *Yero Vicente v. Nimay Auto*, supra, pág. 134. Ello, salvo en los supuestos de excepción que se encuentran expresamente codificados en las Reglas 69.5 y 69.6 de Procedimiento Civil, *supra*.

No obstante, y a pesar de lo anterior, en *Sucn. Padrón v. Cayo Norte*, 161 DPR 761, 766-767 (2004), el Tribunal Supremo señaló que, por vía jurisprudencial, en ocasiones previas había reconocido "excepciones a la aplicación inflexible y automática de dicha regla, ya que bajo ciertas circunstancias dicho mandato limitaría injustamente el derecho de muchos demandantes a acceder a los tribunales de justicia".

En particular, en esa ocasión el Alto Foro replicó el argumento previamente esbozado en *Vaillant v. Santander*, supra, por considerarlo aplicable a los hechos del caso ante sí. Entiéndase, "la posibilidad que tiene el demandado de cobrar las costas y los honorarios de abogado -en caso de que así proceda- sin la inconveniencia de dirigirse contra litigantes que no residen dentro de nuestra jurisdicción". *Íd.*, pág. 768. Así las cosas, en esa ocasión, el Tribunal Supremo razonó lo siguiente:

> Nos resulta poco práctico que siendo seis de los nueve miembros de la Sucesión Padrón residentes de Puerto Rico, se les requiera a los otros tres que no los son prestar fianza como condición a que se dilucide su caso en los tribunales locales. Ciertamente, en caso de los demandantes perder su reclamación, la parte demandada [...] puede recobrar las costas y los honorarios de abogados (de ser procedentes) de cualquiera de los seis codemandantes que residen en Puerto Rico [...]. Estos seis, a su vez, pueden repetir contra los tres no residentes mediante [una] acción de nivelación [...].

*Íd.*, págs. 768-769.

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

## III

Mediante el único señalamiento de error formulado, la parte peticionaria adujo que el foro primario incidió al no requerirle fianza a los recurridos no residentes en Puerto Rico, según establecido por la Regla 69.5 de Procedimiento Civil, *supra*. Como veremos a continuación, este error no se cometió.

Si bien, como reseñáramos, las Reglas 69.5 y 69.6 de Procedimiento Civil, *supra*, no contemplan de modo expreso una excepción aplicable al supuesto ante nos, la normativa dispuesta por el Alto Foro en *Sucn. Padrón v. Cayo Norte*, supra, equivale a la situación de hechos que nos ocupa, por lo que resulta aplicable. Ello, pues el análisis que formuló el Tribunal Supremo en esa ocasión en que validó eximir a varios codemandantes no residentes del requisito de fianza, contemplaba un total de nueve (9) demandantes, de los cuales tres (3) no residían en Puerto Rico.

Así las cosas, nótese que, en el caso de epígrafe, dieciocho (18) de los veinte (20) recurridos residen en Puerto Rico. En consecuencia, es razonable concluir que -en su día y en caso de prevalecer- la parte peticionaria podrá recobrar las costas, gastos y honorarios de abogado que pudiesen imponerse a su favor de los dieciocho (18) recurridos residentes. De este modo, y de conformidad con lo dispuesto en *Sucn. Padrón v. Cayo Norte*, supra, corresponde enfatizar que lo anterior no sería impedimento para que estos puedan repetir contra los dos (2) no residentes mediante una acción de nivelación.

En síntesis, y en virtud de lo anterior, es forzoso concluir que el dictamen recurrido es correcto en Derecho, toda vez que se ajusta a la normativa de nuestro Alto Foro, antes reseñada. Por consiguiente, procede confirmar la *Orden* recurrida.

**IV**

Por los fundamentos que anteceden, expedimos el auto discrecional solicitado y confirmamos la *Orden* recurrida. De forma cónsona, se deja sin efecto la orden de paralización emitida y notificada por este Foro el 9 de diciembre de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Brignoni Mártir disiente con voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| GLADYS A. RODRÍGUEZ<br><br>RECURRIDA<br><br>V.<br><br>COLEGIO NUESTRA SEÑORA DEL CARMEN, INC.<br><br>PETICIONARIOS | TA2025CE00860 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Civil Núm.: CFDP2010-0022<br><br>Sobre: Daños |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

## VOTO DISIDENTE DE LA JUEZ BRIGNONI MÁRTIR

En San Juan, Puerto Rico, a 30 de enero de 2026.



En nuestro ordenamiento procesal, la Regla 69.5 de Procedimiento Civil, *supra*, instaura la exigencia de la prestación de fianza no residente. Su objetivo es garantizar el pago de las costas, los gastos y los honorarios del abogado en pleitos instados por personas naturales o jurídicas no residentes. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622 (2022). **Por ello, su cumplimiento es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste.** (Énfasis suplido). *Slim v. Royal Blue Hospitality, LLC H/N/C El Conquistador Resort-Puerto Rico*, 2025 TSPR 133; *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 262-263 (2021). Esta normativa "se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que conllevó su defensa". *Martajeva v. Ferré Morris y otros*, *supra*, pág. 622; *VS PR, LLC v. Drift-Wind*, *supra*, pág. 263.

No obstante, la imposición de la fianza no residente admite ciertas excepciones. La aducida disposición reglamentaria **establece expresamente** los escenarios en los que se rechaza el requerimiento

automático de una fianza al reclamante no residente. *Yero Vicente v. Nimay Auto*, 205 DPR 126, 131 (2020). Así pues, la Regla 69.5 de Procedimiento Civil, *supra*, delimita las circunstancias que permiten prescindir de esta exigencia procesal, a saber: (1) litigantes *in forma pauperis*; (2) copropietarios en un pleito que involucre una propiedad sita en Puerto Rico cuando al menos uno de los copropietarios reclamantes reside en Puerto Rico, y (3) comuneros que buscan la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. *VS PR, LLC v. Drift-Wind, supra,* pág. 363.

Respecto al criterio de residencia, es menester reseñar el caso *Yero Vicente v. Nimay Auto, supra.* Hace apenas 5 años, *e*n virtud de este dictamen, el Tribunal Supremo de Puerto Rico precisó que el domicilio, es decir, el lugar con intención de regresar es inconsecuente a la exigencia de prestación de fianza:



> Independientemente de la intención del señor Yero Vicente de regresar a Puerto Rico en algún momento, este no es residente de la Isla. En consecuencia, no puede escapar el requisito de fianza de no residente por el hecho de estar domiciliado en Puerto Rico. Resolver lo contrario implicaría frustrar los principios que produjeron la norma. Después de todo, lo que las reglas exigen es una fianza de no residente, no una fianza de no domiciliado. Íd. pág. 135.

En armonía con lo anterior, el tratadista José A. Cuevas Segarra explica que, si durante el litigio existe un cambio en la residencia, entonces procede imponer la fianza en cuestión:

> **El requisito de la regla se extiende a aquellos litigantes que no son residentes durante la pendencia del pleito.** El criterio no es domicilio, ni ciudadanía. Véase *M.J. Merkin Paint Co v. Riccardi*, 3A 2d 890 (NJ 1923); *Morek v. Smolak*, 282 NYS 418 (4to. Dept. 1939). **De manera que si el demandante cambia su condición de residente durante el trámite del pleito y se convierte en no residente, debe prestar fianza de no residente.** J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, Tomo V, pág. 1932.

Los recurridos sostienen que a la fecha de la presentación de la demanda todos los recurridos residían en Puerto Rico y que dado a la duración extendida del litigio es natural la movilidad residencial de éstos. A su vez, aducen que en este caso es probable que el Colegio recobre las costas, gastos y honorarios de abogado, dado que la mayoría de los reclamantes residen en Puerto Rico. Al acoger dichos planteamientos, la

mayoría de este Panel basó su dictamen en lo resuelto por nuestro Tribunal Supremo en el caso *Vaillant v. Santander,* 147 DPR 338 (1988). Muy respetuosamente, disiento.

En el presente caso, el Colegio Nuestra Señora del Carmen apoya sus alegaciones de requerimiento de fianza, en la documentación presentada por los recurridos, la cual indica que dos (2) de los demandantes residen fuera de Puerto Rico. Por su parte, los demandantes/recurridos arguyen que la mayoría de los reclamantes residen en Puerto Rico y que los dos (2) demandantes que no residen en la isla al comienzo del litigio residían en esta.

Es preciso reiterar, que el factor umbral para el requerimiento de fianza no es la residencia al comienzo del pleito, sino la residencia que subsista durante la pendencia de este. Según las expresiones previamente citadas de Cuevas Segarra, "si el demandante cambia su condición de residente durante el trámite del pleito y se convierte en no residente, debe prestar fianza de no residente." Véase, *Yero Vicente v. Nimay Auto,* supra, pág. 132, citando a Cuevas Segarra.

A su vez, nuestro ordenamiento jurídico no contempla como excepción al requisito de fianza, que la mayoría de los demandantes residan en Puerto Rico. Ello es así, a no ser que se establezca una de las excepciones dispuestas en las Reglas 69.5 y 69.6 de Procedimiento Civil, *supra.* Los recurridos no levantaron y tampoco observamos que cumplan con alguno de los criterios excepcionales establecidos en las precitadas Reglas. Entiéndase, éstos no son un parte litigante insolvente exceptuada por ley y tampoco son copropietarios ni comuneros de bienes sitos en Puerto Rico a tenor de los incisos (b) y (c) de la aludida Regla 69.5, *supra.* Asimismo, no son funcionarios del Estado Libre Asociado de Puerto Rico en su carácter oficial ni el presente litigio trata sobre divorcio, bienes gananciales, relaciones de familia, o alimentos. Precisamente, en el caso *Vaillant v. Santander, supra,* la controversia giraba en torno a la protección de una propiedad sita en Puerto Rico y de la cual uno de los codemandantes es



codueño del 50% y los demás dueños/demandantes no residentes son sus hijos. El Tribunal Supremo señaló que, en este caso, *"la demandante residente, quien es la propietaria mayoritaria del inmueble sito en nuestra jurisdicción, respondería solidariamente por las costas, los gastos y honorarios de abogado. Exigir la prestación de la fianza de no residente de acuerdo a estas circunstancias le impondría a la parte demandante residente la injusta y onerosa obligación de prestar una fianza como condición para litigar donde reside, ya que sus hijos no residentes son partes indispensables en el pleito por ser copropietarios del inmueble sito en Puerto Rico, objeto del litigio. Resolvemos que, según las circunstancias específicas de este caso, es improcedente exigir la prestación de la fianza a las partes demandantes."*

Ante el análisis normativo antes expuesto, procede el requerimiento de fianza peticionado por el Colegio Nuestra Señora. Es un hecho incontrovertido que los hechos del caso de *Valliant v. Santander*, supra, se enmarcan en una de las excepciones que establece la Regla 69.5 de procedimiento civil para eximir a un demandante no residente del pago de fianza: cuando "se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico".

A tenor con lo anterior, considero respetuosamente que el caso *Vaillant v. Santander,* supra, es distinguible al que nos ocupa. Por tanto, disiento al entender que, como cuestión clara y estricta de derecho procesal, procede que los recurridos presten fianza de conformidad a la Regla 69.5 de Procedimiento Civil, *supra.*

**Maritere Brignoni Mártir**
**Juez del Tribunal de Apelaciones**